**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Robert L. BROMLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.

Filed Oct. 29, 2004.

Reargument Denied Dec. 17, 2004.

Joseph P. Burt, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com., appellee.

Before: STEVENS, MUSMANNO, and MONTEMURO *, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Erie County following Appellant's guilty plea to one count of possession with intent to deliver.[1] On appeal, Appellant challenges both the legality and discretionary aspects of his sentence, and claims that he received ineffective assistance of counsel at sentencing. We affirm.

¶ 2 On November 4, 2003, Appellant pleaded guilty to possession with intent to deliver marijuana. On January 5, 2004, Appellant was sentenced to fifteen to sixty months of incarceration which was in the aggravated range. Appellant filed a timely notice of appeal, and he was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Accordingly, Appellant filed his 1925(b) statement, and the sentencing court subsequently issued its opinion.[2]

¶ 3 Appellant's first claim, raised for the first time in his brief, is that his sentence is illegal under the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); and *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). While, ordinarily, we would find a claim to be waived because it was not raised in Appellant's 1925(b) statement, a challenge to the legality of sentence is never waived and may be the subject of inquiry by the appellate court sua sponte. *Commonwealth v. Pastorkovic*, 390 Pa.Super. 1, 567 A.2d 1089, 1091 (1989) (citations omitted). Accordingly, we find that Appellant's challenge to the legality of his sentence is not waived and will address it on the merits. However, for the reasons discussed below, we find Appellant's challenge to the legality of his sentence meritless.

¶ 4 Appellant argues that his sentence in the aggravated range was "a judicial determination of a non-objective fact not charged," and thus a violation of his Sixth Amendment right to trial by jury. We disagree.

¶ 5 In *Apprendi*, the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

---

* Retired Justice assigned to the Superior Court.

**1.** 35 Pa.C.S. § 780–113(a)(30).

**2.** We note that Appellant's 1925(b) statement was not timely filed. However, as the sentencing court's subsequent opinion addresses the issues raised therein, there is no impediment to our review. *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000).

submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 489, 120 S.Ct. 2348. Accordingly, the Supreme Court held that a New Jersey sentencing scheme which allowed a ten-year enhancement to the maximum sentence if a judge found by a preponderance of the evidence, after a hearing, that the underlying crime was also a hate crime violated the Due Process Clause of the Fourteenth Amendment. *Id.* at 491–97, 120 S.Ct. 2348.

¶ 6 Appellant here was not subjected to a sentencing scheme where a factor increased his sentence beyond the statutory maximum; he was not even sentenced beyond the guidelines. Rather, he received a sentence in the aggravated range. The *Apprendi* Court specifically stated:

> We should be clear that nothing ... suggests that it is impermissible for judges to exercise discretion taking into consideration various factors relating to both offense and offender—in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentences *within statutory limits* in the individual case.

*Apprendi,* 530 U.S. at 481, 120 S.Ct. 2348 (emphasis in original). Thus, Appellant's claim that his sentence runs afoul of the *Apprendi* decision is meritless.

¶ 7 In *Ring,* the Supreme Court held that capital defendants have a Sixth Amendment right to a jury determination of "any fact on which the legislature conditions an increase in their *maximum* punishment." *Ring,* 536 U.S. at 589, 122 S.Ct. 2428 (emphasis in original). In so finding, the Supreme Court noted:

> The dispositive question ... is one not of form but effect. If a State makes an increase in a defendant's authorized punishment contingent on a finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. A defendant may not be expose[d] to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone.

*Ring,* 536 U.S. at 602, 122 S.Ct. 2428 (internal citations omitted) (emphasis in original).

¶ 8 Here, Appellant was not a capital defendant, and there is simply nothing to show that Appellant's sentence does not accord with *Ring.* Appellant has not demonstrated that the sentencing court made an increase in his authorized punishment based upon a finding of fact. Appellant was sentenced within the range authorized by the sentencing guidelines, he was not exposed to a penalty exceeding the statutory maximum.

¶ 9 In *Blakely,*[3] the Supreme Court held that the Sixth Amendment was violated by Washington State's determinate sentencing scheme whereby a sentencing court could impose an "exceptional" sentence, above the standard-range statutory maximum, only after making a finding of "substantial and compelling reasons justifying an exceptional sentence." *Blakely,* —— U.S. ——, 124 S.Ct. at 2534, 159 L.Ed.2d 403 (internal citation omitted). Further, reasons which justify exceptional sentences can only be factors "other than those which are used in computing the standard range sentence for the offense." *Id.* In *Blakely,* the sentencing court departed upward from a standard range sentence for second-degree kidnapping based

---

**3.** "When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." *Schriro v. Summerlin,* —— U.S. ——, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004) (internal citation omitted).

on its finding that the defendant acted with deliberate cruelty. *Blakely,* —— U.S. at ——, 124 S.Ct. at 2534. The *Blakely* Court specifically noted that indeterminate sentencing schemes:

[I]ncrease[ ] judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the fact essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that the judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence—and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says that judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10–year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is *entitled* to no more than a 10–year sentence—and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Blakely,* —— U.S. at ——, 124 S.Ct. at 2540 (emphasis in original).

¶ 10 It is well settled that Pennsylvania employs an indeterminate sentencing scheme. *Commonwealth v. Walls,* 846 A.2d 152, 155 (Pa.Super.2004). As such, there are significant differences between Washington's sentencing scheme and Pennsylvania's which bear upon the applicability of *Blakely* in the instant matter. Pennsylvania law provides that a sentencing court can sentence a defendant to one or more of several alternative dispositions (probation, no penalty, partial confinement, total confinement, a fine, intermediate pun-

ishment), and may impose the sentence either consecutively or concurrently. 42 Pa.C.S.A. § 9721(a). The law provides that:

[i]n selecting from the alternatives set forth in subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to *section 2155* (relating to publication of guidelines for sentencing). In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to *section 2154* (relating to adoption of the guidelines for sentencing) and made effective pursuant to *section 2155,* the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b) (emphasis in original).

¶ 11 Thus, in the Pennsylvania scheme, unlike the Washington scheme, there is no requirement that a sentencing court make a specific finding prior to sentencing in the aggravated range. The sole requirements are that the judge follow the general prin-

ciples outlined above and provide reasons for the sentence which he or she imposes.

¶ 12 In *Blakely,* the Supreme Court specifically distinguished between the judicial fact-finding in the determinate sentence scheme in Washington, and the exercise of judicial discretion which takes place in indeterminate sentencing schemes like Pennsylvania's. The significant finding of both *Apprendi* and *Blakely* appears to be that if a sentencing scheme mandates a certain sentence for a certain crime and only allows the imposition of a greater sentence based upon specific factual findings about the underlying crime, then, unless those factual findings are made by the jury, the scheme runs afoul of the Sixth Amendment. Thus, we hold that *Blakely* does not implicate the Pennsylvania scheme, where there is no promise of a specific sentence, and a judge has the discretion to sentence in the aggravated range so long as he or she provides reasons for the sentence.

¶ 13 In the instant matter, the sentencing court based its decision to sentence in the aggravated range on Appellant's lack of any work history other than criminal activity, his history of drug and alcohol abuse, the failure of previous rehabilitative efforts, and the need to protect the community. N.T. 1/5/04 at 8–10. Thus, the sentencing court did not make any specific findings of fact about the underlying crime but rather exercised its discretion in the manner specifically approved in *Apprendi; Ring,* and *Blakely. See Apprendi,* 530 U.S. at 481, 120 S.Ct. 2348; *Ring,* 536 U.S. at 602, 122 S.Ct. 2428; *Blakely,* —— U.S. at ——, 124 S.Ct. at 2540.

¶ 14 Appellant next challenges the discretionary aspects of his sentence. Specifically, Appellant contends that: (1) the sentence was manifestly excessive; (2) the sentencing court did not provide a sufficient statement of reasons for exceeding the standard sentencing guidelines range; and (3) the sentencing court based the sentence on an impermissible factor or bias.

■ ¶ 15 Prior to reaching the merits of Appellant's claims, we must first decide whether the claims are properly before us. It is well settled that an Appellant's challenge to the discretionary aspect of his sentence is waived if the Appellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court. *See* Pa.R.A.P. 720(b)(1)(c); *Commonwealth v. Mann,* 820 A.2d 788 (Pa.Super.2003) (issues challenging the discretionary aspects of sentence must be raised in post-sentence motion or by raising claim during sentencing proceedings; absent such initiative, objection to the discretionary aspects of sentence waived on appeal).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether Appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code.

*Commonwealth v. Petaccio,* 764 A.2d 582, 586 (Pa.Super.2000) (internal citations omitted).

■ ¶ 16 In the instant matter, Appellant's trial counsel filed a timely notice of appeal, but did not object at sentencing and did not file a post-sentence motion. However, Appellant, acting *pro se,* did file a motion for a reduction of sentence in which he generally challenged his sentence. The sentencing court accepted the motion for filing and then denied it. New

counsel was appointed for appeal and raised the issues regarding the discretionary aspects of sentence in the 1925(b) statement. The sentencing court addressed the merits of these issues in the 1925(a) opinion. Here, as Appellant did file a general post-sentence challenge to his sentence, as the sentencing court had the opportunity to address the merits of his specific claims in the 1925(a) opinion, and as the Commonwealth has also addressed the merits of Appellant's claims in its brief, we find that Appellant has preserved his challenge to the discretionary aspects of sentence.

> [S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.
>
> The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis.

*Commonwealth v. Ritchey,* 779 A.2d 1183, 1185 (Pa.Super.2001) (citations omitted).

¶ 17 Appellant has filed a sufficient concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.

R.A.P. 2119(f). As such, where appropriate, we shall proceed to determine whether Appellant's issues raise a substantial question and, if so, proceed to a discussion of the merits. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987).

■ ¶ 18 Appellant first claims that the sentence was manifestly excessive. In *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002) (plurality), the Pennsylvania Supreme Court held that a claim that a sentence, which is within the statutory limits, is excessive can raise a substantial question.[4] *Id.* at 435, 812 A.2d at 627–28. In order to raise a substantial claim, Appellant's 21199(f) statement must sufficiently articulate "the manner in which the sentence violates either a specific provision of the sentencing scheme set for forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Id.* at 435, 812 A.2d at 627. Appellant here has neither argued that his sentence violated a specific provision of the sentencing scheme nor demonstrated that his sentence violated a fundamental norm underlying the sentencing process. Accordingly, we find that Appellant has failed to raise a substantial question that his sentence was manifestly excessive.

■ ¶ 19 Appellant next claims that the sentencing court sentenced him in the aggravated range without placing adequate reasons on the record. This claim raises a substantial question and we will therefore address the merits of this claim. *Commonwealth v. Brown,* 741 A.2d 726, 735 (Pa.Super.1999).

¶ 20 Our review of the record belies the claim that the sentencing court failed to

---

**4.** We note that the Appellant in *Mouzon,* unlike Appellant in the instant matter, was sentenced outside the guidelines. *Mouzon,* at 427, 812 A.2d at 622–23.

place sufficient reasons for the sentence on the record. Prior to announcing the sentence, in a lengthy statement, the sentencing court noted: (1) Appellant's extensive history of drug and alcohol abuse; (2) Appellant's sixteen-year record of criminal activity; (3) that all previous sanctions including probation, fines, costs, and time served in both Erie County and Pennsylvania prisons had failed to rehabilitate Appellant; (4) the fact that, while charges were pending on the instant matter, Appellant was arrested and bound over for trial on new possession with intent to deliver charges; and (5) the need to protect the community from Appellant's criminal activities. N.T. 1/5/04 at 8–10. Here, the sentencing court adequately stated its reasons for sentencing Appellant in the aggravated range, and we find that the record substantiates the sentencing court's sentencing determinations.

¶ 21 Appellant claims that the sentencing court based the sentence on an impermissible factor or bias. It is well settled that a claim that the sentencing court relied on impermissible factors in sentencing raises a substantial question. *Commonwealth v. Kraft*, 737 A.2d 755 (Pa.Super.1999). Thus, we will consider the merits of Appellant's challenge.

¶ 22 Here, Appellant has failed to point to any specific impermissible factor that was relied on by the sentencing court and has produced nothing to support his general claim that the sentencing court was biased. We have thoroughly reviewed the transcript of the sentencing hearing and find nothing to show that the sentencing court either relied on an impermissible factor or was biased against Appellant. Accordingly, this claim must fail.

¶ 23 Lastly, Appellant claims that he received ineffective assistance of trial counsel because counsel failed to preserve his sentencing claims for review. Prior to the addressing the merits of Appellant's claim, we must first decide whether it is properly before us.

¶ 24 In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), the Pennsylvania Supreme Court stated that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 67–68, 813 A.2d at 739. The Supreme Court noted that an exception to the general rule may be created when there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. *Grant*, at 67, 813 A.2d at 738 n. 14. In addition, the appellate courts have carved out limited exceptions to the general rule set forth in *Grant*. For example, we will address ineffective assistance of trial counsel claims on direct appeal where the appellant would not be entitled to collateral relief due to the short duration of his sentence. *Commonwealth v. Salisbury*, 823 A.2d 914 (Pa.Super.2003), and where the ineffectiveness claim was raised in a timely post-sentence motion, developed at a hearing, and ruled upon by the trial court, *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003); *Commonwealth v. Hudson*, 820 A.2d 720 (Pa.Super.2003). Moreover, this Court has recently addressed an ineffective assistance of trial counsel claim on direct appeal where the evidentiary record was complete and there was a trial court opinion addressing the claim. *Commonwealth v. Causey*, 833 A.2d 165 (Pa.Super.2003) (holding that *Grant* did not require dismissal of a claim that counsel was ineffective in failing to challenge sufficiency of the evidence where the record was complete and trial court drafted an opinion addressing this claim). We have also found an exception to *Grant's* general rule where the ineffectiveness claim was discussed in a Pa.R.A.P.1925(a) opinion,

which addressed the merits of the claim and specifically indicated that the existing record was sufficiently developed for resolution of the claim. *Commonwealth v. Watson,* 835 A.2d 786 (Pa.Super.2003).

¶ 25 In the instant matter, Appellant's claim was raised in his 1925(b) statement, the sentencing court discussed it in the 1925(a) opinion and specifically stated that the record was sufficiently developed for resolution of the claim. Accordingly, we find that Appellant's ineffective assistance of counsel claim is properly before us. *Id.*

¶ 26 The legal standard applicable to ineffective assistance of counsel claims is well settled. To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Wharton,* 571 Pa. 85, 98–99, 811 A.2d 978, 986 (2002) (citations omitted).[5] Here, as we have held that Appellant's challenges to his sentence were (1) properly preserved for appellate review, and (2) utterly lacking in merit, his ineffective assistance of counsel claim must fail.

¶ 27 Judgment of sentence affirmed.

---

**5.** The standard applicable to claims of ineffective assistance of counsel raised on direct appeal is the same as that applied to such claims raised under the PCRA. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999).