**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Craig MOSS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 2005.

Filed March 23, 2005.

Craig Moss, Huntingdon, for appellant.

John F. Nelson, Asst. Dist. Atty., Chambersburg, for Com., appellee.

BEFORE: STEVENS, LALLY–GREEN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Craig Moss appeals from the August 23, 2004 order of the Court of Common Pleas, Franklin County, which denied his petition for collateral relief as untimely filed. Upon review, we affirm.

¶ 2 A jury convicted Moss of aggravated assault of a corrections officer, 18 Pa. C.S.A. § 2702(a)(3). On April 5, 2000, the trial court sentenced him within the mitigated range to imprisonment of twelve to one hundred and twenty months to run concurrently to his sentence at Criminal Action No. 1036 of 1996. On April 13, 2000, the Commonwealth filed a motion to modify sentence. The Commonwealth noted that the standard range for the minimum sentence was fifteen to twenty-one months. The Commonwealth contended that the mitigating factor cited by the trial court, *i.e.*, impact of other sanctions, was improper because there was no evidence of what would be the "other sanctions." The Commonwealth further noted that Moss's disciplinary record within the state correctional system was now available to the trial court for review. The Commonwealth concluded that the trial court did not give sufficient consideration to the fact that the incident occurred in the yard of the Franklin County Prison in the presence of approximately one hundred prisoners which resulted in an escalation of the potential for violence from the other prisoners. The

trial court conducted a hearing on the Commonwealth's motion and granted the request to modify. On May 1, 2000, the trial court sentenced Moss to fifteen to one hundred and twenty months imprisonment to run consecutively to his sentence at Criminal Action No. 1036 of 1996.

¶ 3 While the Commonwealth's motion was pending, Moss filed a motion to modify sentence. On September 19, 2000, the trial court denied Moss's motion. He timely appealed to this Court. On November 26, 2001, we affirmed his conviction. *See Commonwealth v. Moss,* 792 A.2d 616 (Pa.Super.2001) (unpublished memorandum). On April 16, 2002, Moss filed a *pro se* PCRA petition, and the PCRA court appointed counsel. After review, the PCRA court denied the petition without a hearing following proper notice. Moss timely appealed to this Court. We affirmed the PCRA court's denial on January 30, 2004. *See Commonwealth v. Moss,* 847 A.2d 759 (Pa.Super.2004) (unpublished memorandum), *appeal denied,* —— Pa. ——, 863 A.2d 1145 (2004).

¶ 4 On August 10, 2004, Moss filed his current *pro se* petition for collateral relief. Moss requested a new sentencing hearing in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). On August 23, 2004, the PCRA court denied relief as untimely and failing to meet the after-recognized constitutional right exception. This timely appeal followed.

¶ 5 On appeal, Moss raises the following questions for our review:

1. The court errored [sic] in dismissing Petitioner's P.C.R.A. petition for failing to meet the statutory requirements of 42 Pa.C.S.A. § 9545(B)(1)(iii).

2. The court deprived Appellant of his 5th, 6th and 14th Amendment constitutional rights by enhancing Appellant's sentence.

Appellant's brief, at 2.

¶ 6 Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Allen,* 557 Pa. 135, 142, 732 A.2d 582, 586 (1999). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

■ ¶ 7 Moss first contends that the PCRA court erred in dismissing his petition as untimely filed and the after-recognized constitutional right exception did not apply.

¶ 8 Pursuant to 42 Pa.C.S.A. § 9545, any PCRA petition must be filed within one year of that the date the judgment becomes final. In the present case, Moss's judgment of sentence became final on December 26, 2001, thirty days after we affirmed his judgment of sentence and the period for filing an allowance of appeal to our Supreme Court expired. *See* 42 Pa. C.S.A. § 9545(b)(3); 42 Pa.C.S.A. § 5571(a); Pa.R.A.P. 903(a), 42 Pa.C.S.A. Thus, a timely PCRA petition had to be filed by December 26, 2002. On its face, then, Moss's petition would appear to be untimely, as it was not filed until August 10, 2004. *See Commonwealth v. Alcorn,* 703 A.2d 1054, 1056–57 (Pa.Super.1997), *appeal denied,* 555 Pa. 711, 724 A.2d 348 (1998).

¶ 9 Section 9545 also provides for three excepted circumstances wherein a petition will be considered timely, even though the petitioner filed it more than one year after the judgment of sentence became final. These exceptions include interference by

government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). Our Supreme Court has ruled that these exceptions must be specifically pleaded or they may not be invoked. *See Commonwealth v. Beasley*, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999).

¶ 10 Moss argues that pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii), the after-recognized constitutional right exception is applicable to this matter. The basis for Moss's argument is the *Blakely* decision of the United States Supreme Court. Moss contends that he filed his petition for collateral relief within sixty days of *Blakely* and the United States Supreme Court's pronouncement in *Blakely* constitutes after-recognized constitutional right.

¶ 11 Clearly, Moss filed his petition within sixty days of the United States Supreme Court's decision in *Blakely*.[1] The question then becomes whether, as Moss contends, the pronouncement in *Blakely* is an after-recognized constitutional right as per the Post Conviction Relief Act. We hold that *Blakely* does not apply for two reasons.

¶ 12 Firstly, regarding applicability, this Court has found that *Blakely* does not apply to Pennsylvania's indeterminate sentencing scheme.

¶ 13 In *Blakely*, the United States Supreme Court pronounced:

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." This rule reflects two long-standing tenets of common-law criminal

jurisprudence: that the "truth of every accusation" against a defendant "should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbours," 4 W. Blackstone, Commentaries on the Laws of England 343 (1769), and that "an accusation which lacks any particular fact which the law makes essential to the punishment is . . . no accusation within the requirements of the common law, and it is no accusation in reason," 1 J. Bishop, Criminal Procedure § 87, p 55 (2d ed. 1872).

*Blakely*, —— U.S. at ——, 124 S.Ct. at 2536 (*applying Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). From this, the United States Supreme Court held that the Sixth Amendment of the United States Constitution was violated by Washington state's determinate sentencing scheme whereby a sentencing court could impose a sentence above the statutory maximum after making a finding of facts outside of the purview of the jury. *See Blakely*, —— U.S. at ——, ——, 124 S.Ct. at 2534, 2536 (citation omitted).

¶ 14 Moss argues that the United States Supreme Court's pronouncement in *Blakely* applies to his case because the trial court sentenced him based on facts not presented to the jury. Moss contends that the trial court considered a multitude of impermissible factors to enhance his sentence. Specifically, he notes an allegation of assault of which he was never formally charged. These multiple factors led to the trial court's "enhancement" of Moss's sentence.[2]

¶ 15 In *Commonwealth v. Bromley*, 862 A.2d 598 (Pa.Super.2004), we held, "*Blakely* does not implicate the Pennsylvania

---

**1.** *Blakely* was decided on June 24, 2004, and Moss filed his petition on August 10, 2004.

**2.** We note that the trial court did not enhance Moss's sentence but resentenced him within the standard range as opposed to the mitigated range of his initial sentence.

scheme, where there is no promise of a specific sentence, and a judge has the discretion to sentence in the aggravated range so long as he or she provides reasons for the sentence." *Id.*, 862 A.2d at 603. In *Commonwealth v. Smith*, 863 A.2d 1172 (Pa.Super.2004), we further continued our analysis of *Blakely's* implication on the Pennsylvania sentencing scheme and stated:

> Pennsylvania utilizes an indeterminate sentencing scheme with presumptive sentencing guidelines which limit the judge's discretion only concerning the minimum sentence. 42 Pa.C.S.A. § 9721; 204 Pa.Code § 303.9(h). The United States Supreme Court has previously determined that this system does not violate the Sixth Amendment so long as the enhanced minimum sentence is not beyond that authorized by the jury verdict. *Harris v. U.S.*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Because of the link with the maximum sentence, enhanced minimum sentences, when enhance by factors in the guidelines, are not beyond sentences authorized by the jury verdict. *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). *Blakely* is only implicated in Pennsylvania to the extent that an enhanced minimum term leads to a longer period of incarceration by extending the date at which the defendant is eligible to be released. Yet, because there is no limit, other than the statutory maximum, on the maximum term a judge may set, and due to the discretion vested in the parole board, the Pennsylvania sentencing scheme and guidelines evade even these *Blakely* concerns. The *Blakely* Court, itself, noted that indeterminate guidelines do not increase judicial discretion "at the expense of the jury's function of finding the facts essential to a lawful imposition of penalty," and judicial (or parole board) fact-finding does not infringe on a defendant's "legal right to a lesser sentence." *Blakely,* —— U.S. at ——, 124 S.Ct. at 2540.

*Id.*, 863 A.2d at 1178–79. We concluded that the guidelines were constitutional under *Blakely.* *See id.*, 863 A.2d at 1179.

¶ 16 In the present case, Moss was not entitled to a specific sentence, and, therefore, the trial court applied Pennsylvania's indeterminate sentencing scheme. The trial court did not employ an enhancement provision based on a judicially determined fact but, instead, imposed its sentence pursuant to the discretion provided it under the sentencing code and the sentencing guidelines. Moss's sentence was within the standard range and did not exceed the statutory maximum proper and, thus, was proper under the code and the guidelines. "The mere fact that the trial court referenced certain facts about the crime is not in-and-of-itself sufficient to make the sentence run afoul of *Blakely*, when the indeterminate sentencing scheme allows the trial court to sentence the defendant to the statutory maximum even without reference to those facts." *Commonwealth v. Rossetti*, 863 A.2d 1185, 1193 (Pa.Super.2004) (*citing Blakely,* —— U.S. at ——, 124 S.Ct. at 2538). Accordingly, the sentence imposed did not violate Moss's Sixth Amendment rights. Thus, Moss's argument, which relies solely on the applicability of *Blakely*, fails for the same reasons as enunciated in *Rossetti. See also Bromley*, 862 A.2d 598; *Smith*, 863 A.2d 1172; *Commonwealth v. Druce*, 2005 PA Super 55.

¶ 17 Secondly, we find that the *Blakely* decision is a procedural rule that the United States Supreme Court did not designate to apply retroactively.

■ ¶ 18 Regarding retroactive application of "new rules," the United States Supreme Court has stated:

> When a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances. New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.
>
> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of "criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished. This class of rules is extremely narrow, and it is unlikely that any ... ha[s] yet to emerge.

*Schriro v. Summerlin,* —. U.S. —, — - —, 124 S.Ct. 2519, 2522–23, 159 L.Ed.2d 442 (2004) (internal citation, footnote, and quotation marks omitted).

> A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. *See Bousley[ v. U.S.], supra,* [523 U.S. 614] at 620–621, 118 S.Ct. 1604, 140 L.Ed.2d 828 [1998] (rule "hold[s] that a ... statute does not reach certain conduct" or "make[s] conduct criminal"); *Saffle [v. Parks], supra,* 494 U.S. 484 at 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 [1990] (rule "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of ... punishment on a particular class of persons"). In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural.

*Schriro,* — U.S. at —, 124 S.Ct. at 2523.

¶ 19 Judged by this standard, *Blakely's* holding is properly classified as procedural. *Blakely* held that because the facts supporting the petitioner's sentence that exceeded the statutory maximum were neither admitted by petitioner nor found by the jury, the sentence violated his Sixth Amendment right to trial by jury. This holding did not alter the range of conduct Washington law subjected to the imprisonment. It could not have as it rested entirely on the Sixth Amendment's jury-trial guarantee and *Apprendi,* a provision that has nothing to do with the range of conduct a State may criminalize. Instead, *Blakely* altered the range of permissible methods for determining whether a defendant's sentence can exceed the statutory maximum, *i.e.,* requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decision-making authority in this fashion are prototypical procedural rules. *See Schriro,* — U.S. —, —, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004) (death

penalty factors to jury); *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) (*Erie* doctrine); *Landgraf v. USI Film Products,* 511 U.S. 244, 280–281, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (anti-retroactivity presumption); *Dobbert v. Florida,* 432 U.S. 282, 293–294, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) (*Ex Post Facto* Clause). Accordingly, we find that the United States Supreme Court's decision in *Blakely* was a procedural rule that is not applied retroactively.

¶ 20 Because we find that the United States Supreme Court's pronouncement in *Blakely* did not apply to Moss's sentence and did not apply retroactively, Moss, whose direct appeal period expired, cannot claim the after-recognized constitutional right exception to the timing requirement of the Post Conviction Relief Act. Accordingly, we affirm the PCRA court's dismissal of Moss's petition as untimely filed.

¶ 21 Order affirmed.