**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE LUDWIG | |
| Appellant | No. 1011 EDA 2013 |

Appeal from the Judgment of Sentence of August 17, 2011,
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005747-2010

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 15, 2014**

George Ludwig ("Ludwig") appeals *nunc pro tunc* from the judgment of sentence entered on August 17, 2011, and from the court's denial of his petition to reinstate his right to file post-sentence motions pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm the judgment of sentence and the PCRA court order.

At a bench trial, the Commonwealth adduced the following:

The victim, Endard R. Engle [("Engle")], age 73, also called Micky, testified that on April 8, 2010, he was in his home at 608 Gaul Street watching television when at about 11 or 12 o'clock at night there was a knock on his front door and someone called out "Mick . . . It is Sonny", noting that his brother-in-law and a couple of other people he knew were called Sonny.  When he opened the door, a white male with his face partially covered

---

[*]    Former Justice specially assigned to the Superior Court.

thrust his hand with an object he could not identify in it towards him and demanded money. When he said he didn't have any, the man came in pushing him back, told him to lay down, which he did, took about $400 out of [Engle's] pocket and left, taking [Engle]'s keys which were in the door on the way out. The keys were found and returned to him the next day. The only additional description he could provide was that the man was tall and thin. On cross examination, defense counsel had [Engle] confirm that he could not see the man very well because it was dark and [the man's] face, except for his eyes, was covered by something, and that when [Engle] opened the door there was no one else there . . . .

Trial Court Opinion ("T.C.O."), 7/22/13, at 2-3. Sharon Smutnik ("Smutnik"), Engle's niece and a childhood acquaintance of Ludwig, testified that, around 11:00 p.m. that same evening, she stood at Engle's door and spoke to him for about ten minutes. She then began to walk home, and ran into Ludwig on the street corner. She testified as follows:

Q. And what conversation, if any, did you have with [Ludwig] at that time?

A. [Ludwig] asked me whose house I just came from. I said, my uncle Sonny's—my uncle Sonny's brother-in-law actually.

Q. That would be Mr. Engle's house, right?

A. Yes. He said, [d]oes he have any money? I said, [n]o. He is 72 years old. He is an old man. He doesn't have any money.

Q. Mr. Ludwig asked you that?

A. Yes.

Q. What else did he say?

A. He said, I am sick. I need some money. I said, [l]ook do me a favor, don't hurt the man. Don't go near the house. He doesn't have any money. He is an old man. He doesn't keep money.

*      *      *

Q.     After that conversation, what, if anything, did you do?

A.     I went home.

Q.     [T]he next day, do you recall seeing Mr. Ludwig again?

A.     Yes, I did, at 11:00 a.m.

Q.     Where did you see him at that point?

*      *      *

A.     The apartment building I live in.  I was in the yard and had just came out.  He had just came in behind me.  He had come over to me and said, I scored.  I said, [w]hat do you mean you scored?  He said, I got the old man last night for a couple hundred dollars.  I said, [n]o you did not rob him.  No you did not go over there.

Q.     What did you mean when you said, no you did not rob him?

A.     I meant no you didn't go in there and rob that man.

Q.     When you were talking about the man, were you talking about Mr. Engle?

A.     Mr. Engle, yes.

*Id.* at 4-5 (quoting Notes of Testimony ("N.T."), 12/07/2010, at 20-21). Smutnick then testified that Ludwig told her that he had taken Engle's keys and thrown them into the yard on his way out.  She stated that, shortly after she spoke to Ludwig, the police arrived and she "had to go with the police. Then later on they took me to East Detectives to talk to the detectives." N.T. at 24.

Based upon Engle and Smutnick's testimony, the trial court convicted Ludwig of robbery, burglary, criminal trespass, possession of an instrument

- 3 -

of crime, and simple assault.[1]   On August 17, 2011, Ludwig was sentenced to an aggregate term of not less than five nor more than ten years' incarceration.

Trial counsel did not file post-sentence motions or a direct appeal.  On July 10, 2012, new retained counsel filed a "Motion to File Post-Sentence Motions *Nunc Pro Tunc*," which the trial court treated as a timely first petition pursuant to the PCRA.  On February 22, 2013, the court reinstated Ludwig's right to appeal *nunc pro tunc*, but denied his motion to file post-sentence motions.  Ludwig timely appealed the PCRA court's order *pro se* on March 21, 2013.  Counsel was appointed.  Following a *per curiam* order by this Court granting Ludwig's "Application to Amend Notice of Appeal," on May 6, 2013, Ludwig, through counsel, timely modified his notice of appeal *nunc pro tunc* to indicate that it was an appeal of his judgment of sentence of August 17, 2011, rather than from the PCRA court's order of March 21, 2013.[2]

Ludwig raises the following two issues for our review:

1.    Did the PCRA court err by refusing to reinstate [Ludgwig's] right to file a post-sentence motion raising the weight of the

---

[1]    **See** 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3502(a), 3503(a)(1)(ii), 907(a), and 2701(a), respectively.

[2]    Pursuant to the PCRA court's order, Ludwig filed a Rule 1925(b) statement on June 20, 2013.  **See** Pa.R.A.P. 1925.  The court entered a Rule 1925(a) opinion on July 22, 2013.

evidence where the evidence of identity was so tenuous, [vague], and uncertain as to shock one's sense of justice?

2. Was the evidence insufficient under each charge to establish that [Ludwig] was the assailant?

Ludwig's Brief at 2.

Preliminarily, the Commonwealth argues that we lack jurisdiction to address Ludwig's challenge to the PCRA court's denial of his motion to reinstate his right to file post-sentence motions "because [Ludwig] specifically appealed only from the August 17, 2011 Judgment of Sentence in this case, rather than from the February 22, 2013 Order of the PCRA court denying relief in part." Commonwealth's Brief at 5. We disagree.

In order to preserve both claims for review, Ludwig was required to file timely notices of appeal from both the PCRA court order denying relief in part and *nunc pro tunc* from the judgment of sentence. **See Commonwealth v. Vanskiver**, 819 A.2d 69, 72 (Pa. Super. 2003), *overruled on other grounds in* **Commonwealth v. Kyle**, 874 A.2d 12, 22 (Pa. 2005).

On March 21, Ludwig, acting *pro se*, filed a timely notice of appeal from the PCRA court's order "entered in this matter on [the] 18th day of March, 2013." Notice of Appeal, 3/21/2013. New counsel was appointed, who filed an "Application to Amend Notice of Appeal" with this Court on April 12, 2013. Specifically, she stated that:

3. [Ludwig] filed a notice of appeal nunc pro tunc on March 21, 20[1]3 and put the wrong date on the notice of appeal.

- 5 -

Present counsel discovered this error during review of the Quarter Sessions file.

4.     The notice of appeal should indicate that the Order being appealed from is dated August 17, 2011 and not March 18, 2013.

\*     \*     \*

WHEREFORE, the appellant respectfully requests the Court to allow an amendment to the notice of appeal filed in this matter to reflect the August 17, 2011 sentencing date.

First Application to Amend Notice of Appeal, 4/12/2013, at 1-2.  On April 30, 2013, this Court granted the application and directed counsel to file an "Amended Notice of Appeal" referring to the August 17, 2011 judgment of sentence.  Counsel did so.  **See** Amended Notice of Appeal, 5/06/2013.

Thereafter, on May 22, 2013, counsel filed a "Second Motion to Amend Notice of Appeal," in which she stated that, "[f]ollowing the filing of the amended notice of appeal, undersigned counsel was apprised that her client also wished to also appeal the denial of the right to file a post-sentence motion *nunc pro tunc*."  Therefore, she requested the opportunity to file a second amended notice of appeal to reflect an appeal from both the PCRA order and the judgment of sentence.  On June 10, 2013, in a *per curiam* order, this Court denied the second motion "without prejudice to [Ludwig's] right to raise the issue, pertaining to the PCRA court's February 22, 2013 denial of his request to file post-sentence motions, in the instant appeal from [the] judgment of sentence."  *Per Curiam* Order, 6/10/2013.  Accordingly, Ludwig's issue regarding the PCRA court's denial of his request

to file post-sentence motions is preserved in this appeal, and we may review its merits.

In his first issue, Ludwig asserts that "the PCRA court erred by refusing to reinstate [his] right to file a post-sentence motion *nunc pro tunc* in order to raise a weight of the evidence claim as trial counsel was clearly ineffective for failing to file such, and [Ludwig's] convictions shock one's sense of justice." Ludwig's Brief at 8. We disagree.

"Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Moss*, 871 A.2d 853, 855 (Pa. Super. 2005).

"[T]he decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and that we will not reverse unless the trial court abused its discretion." *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*). "It is well settled that an abuse of discretion is not merely an error of judgment, but rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence on the record." *Commonwealth v. Moore*, 978 A.2d 988, 991 (Pa. Super. 2009).

Here, the PCRA court determined that Ludwig was not entitled to PCRA relief in the form of reinstatement of his post-sentence motions because he had not shown that counsel was ineffective for failing to file them in the first instance. T.C.O. at 11-12. Hence, Ludwig contends that trial counsel was ineffective for failing to file post-sentence motions because this failure prevented him from bringing a claim that his conviction was against the weight of the evidence.[3] Ludwig's Brief at 8.

To proceed with a claim of ineffective assistance of counsel, a petitioner must plead and prove:

> (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of this test will cause the entire claim to fail. Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise.

*Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citations omitted).

> The determination of the weight of the evidence exclusively is within the province of the fact-finder, who may believe all, part, or none of the evidence. [A] new trial should be awarded when the . . . verdict is so contrary to the evidence as to shock one's

---

[3] We note that counsel's failure to file Ludwig's post-sentence motions is not ineffective assistance *per se*. *See Commonwealth v. Halley*, 870 A.2d at 801 (noting the significant difference between "failures that completely foreclose appellate review, and those which may result in narrowing its ambit").

sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. In this regard, [t]he evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Ross***, 856 A.2d 93, 99 (Pa. Super. 2004).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Horne***, 89 A.3d 277, 285 (Pa. Super. 2014) (emphasis omitted).

Here, Ludwig contends that Engle and Smutnik were not credible witnesses. Ludwig's Brief at 14. Specifically, he asserts that their testimony was inconsistent because Engle stated that he had no visitors on the night of the incident, whereas Smutnik testified that she spoke to Engle from his front door, and calls into question Smutnik's motives for failing to warn Engle or call the police. *Id.* at 15-17.

The PCRA court, however, observed that this "weight" claim was previously argued by Ludwig in his closing argument at the bench trial. T.C.O. at 13.

> Since [Ludwig] did not offer any additional evidence and the trial court has already made the determination of the credibility of the witness that he challenges, and since the argument he presented in his PCRA petition is exactly the same as the closing argument defense counsel made at trial, granting him the right to file a post sentence motion before the same trial judge without citing any additional reasons to support his claimed lack of credibility would have been senseless.

*Id.* Thus, the PCRA court concluded that Ludwig had not proven that his weight claim had underlying merit simply by attacking the witnesses' credibility. It is well-settled that we, as an appellate court, may not second-guess the court's credibility determinations. *Commonwealth v. O'Bryon*, 820 A.2d 1287, 1290 (Pa. Super. 2003) ("[I]t is axiomatic that appellate courts must defer to the credibility determinations of the trial court as fact finder, as the trial judge observes the witnesses' demeanor first-hand.").

Proceeding directly to the third prong of the test for ineffective assistance of counsel, *Jones*, 942 A.2d at 906, we conclude that Ludwig was not prejudiced by counsel's failure to preserve a weight claim by filing post-sentence motions. The court weighed the evidence and concluded that Smutnik was credible and that Ludwig had committed the crimes in question. T.C.O. at 13. This determination is not so contrary to the evidence as to shock one's sense of justice, and thus, the trial court did not abuse its discretion. *Horne*, 89 A.3d at 285; *Ross*, 856 A.2d at 99. We

- 10 -

decline Ludwig's invitation to assume the role of fact-finder and to reweigh the evidence. ***O'Bryon***, 820 A.2d at 1290.

Accordingly, Ludwig cannot sustain his claim for ineffective assistance of counsel for failure to preserve a challenge to the weight of the evidence where he has not shown that, "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Jones***, 942 A.2d at 906. Ludwig having failed to do so, his challenge to the PCRA court's denial of reinstatement of his post-sentence motion lacks merit.[4]

We now turn to Ludwig's challenge to his judgment of sentence. Ludwig contends that "the evidence under each charge was insufficient to establish that [he] assailed Mr. Engle." Ludwig's Brief at 19. Specifically, he argues that "there is no evidence to show that [he] was the assailant in this matter" because "the identification of [Ludwig] rests solely on the testimony of a woman who could not testify consistently with the [eyewitness] to the

_____

[4] We note that Ludwig also raises, for the first time, a challenge to the PCRA court's failure to issue notice of the partial dismissal of his petition pursuant to Pa.R.Crim.P. 907. Ludwig's Brief at 8-9; ***but see*** Pa.R.Crim.P. 907, cmt. (observing that, when reinstating direct appeal rights *nunc pro tunc*, the court must only "advise the defendant by certified mail, return receipt requested[,] that a new notice of appeal must be filed within 30 days of the order"). However, Ludwig failed to preserve this issue in his Rule 1925(b) statement, and accordingly, has waived the issue. ***See*** Pa.R.A.P. 302(a), 1925(b)(4)(vii); ***Commonwealth v. Boyd***, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

robbery, who could not remember the significant alleged admission regarding keys when initially questioned, and who made no effort to alert her 'Uncle Mickey' [*sic*] or the police of the impending robbery." *Id.* at 19, 23. Further, he asserts that the Commonwealth failed to prove that he "possessed any instrument of a crime with the intent to employ it criminally," thus undermining his conviction for possession of an instrument of crime, 18 Pa.C.S.A. § 907(a). We disagree.

> When reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense[s] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. Normally, evidence is deemed sufficient to support the underlying convictions if:
>
>> there is testimony offered to establish each material element of the crime charged and to prove commission of the offense by the accused beyond a reasonable doubt. The question of credibility is left for the jury and the verdict will not be disturbed if the jury determines the evidence is worthy of belief.
>
> The factfinder is free to believe all, part or none of the evidence, and the facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence.

*Commonwealth v. Magliocco*, 806 A.2d 1280, 1282 (Pa. Super. 2002) (citations and internal quotation marks omitted). "While guilt may never rest upon conjecture or surmise, a conviction may stand on circumstantial evidence. It is sufficient if the circumstances are consistent with criminal activity even though they might likewise be consistent with innocent

behavior." ***Commonwealth v. Moore***, 311 A.2d 704, 705 (Pa. Super. 1973).

Ludwig first argues that there was insufficient evidence of his identity to support his convictions because "[his] identification was established via the contradictory testimony of Ms. Smutnik." Ludwig's Brief at 21. "Such credibility determinations, however, go to the weight, not the sufficiency of the evidence." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012).

Moreover, "a positive, unqualified identification of defendant by one witness is sufficient for conviction," ***Commonwealth v. Simmons***, 647 A.2d 568, 571 (Pa. Super. 1994) (citations omitted), and "[a]ny uncertainty in an eyewitness's identification of a defendant is a question of the weight of the evidence, not its sufficiency." ***Commonwealth v. Cain***, 906 A.2d 1242, 1245 (Pa. Super. 2006). Thus, viewing the evidence in the light most favorable to the Commonwealth, Smutnik's positive identification is sufficient to establish Ludwig's identity. ***Magliocco***, 806 A.2d at 1282. Accordingly, the court did not err in determining that Ludwig's challenge to the sufficiency of the evidence did not merit relief.[5]

---

[5] Although our reasoning differs somewhat from the trial court, which deemed Ludwig's sufficiency claims waived for vagueness, T.C.O. at 7-8, we are not bound by the rationale of the trial court and may affirm on any basis. ***See Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012).

Second, Ludwig argues that "the convictions for Possession of an Instrument of Crime must be arrested because the evidence failed to prove beyond a reasonable doubt that [he] possessed any item that can be termed an instrument of crime under the statute." Ludwig's Brief at 24. This claim is waived.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Issues not included in the [Rule 1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements.

***Commonwealth v. Elia***, 83 A.3d 254, 263 (Pa. Super. 2013) (citation omitted).

In his Rule 1925(b) statement, Ludwig argued that he was "entitled to an arrest of judgment with regard to each of his convictions since the Commonwealth failed to sustain its burden of proving beyond a reasonable doubt that this defendant was the assailant." Rule 1925(b) Statement at 2 ¶ 2. Thus, Ludwig failed to preserve a challenge the sufficiency of the

evidence proving that he possessed an instrument of crime, and this argument is waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Elia*, 83 A.3d at 263.

Accordingly, the PCRA court did not abuse its discretion by denying Ludwig's request to reinstate his post-sentence motions, and his challenge to the sufficiency of the evidence on direct appeal does not merit relief.

Judgment of sentence affirmed. PCRA court order affirmed.

Fitzgerald, J. joins in the memorandum.

Bowes, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/15/2014</u>