J-S76005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PARRISH LINNEN, | |
| Appellant | No. 1650 WDA 2017 |

Appeal from the Judgment of Sentence Entered October 17, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013602-2013

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 6, 2019**

Appellant, Parrish Linnen, appeals from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, imposed after he was convicted of two counts of criminal attempt to commit homicide, criminal conspiracy to commit homicide, and two counts of recklessly endangering another person.  Appellant solely challenges the discretionary aspects of his sentence on appeal.  After careful review, we affirm.

We need not reiterate the trial court's detailed summation of the facts and procedural history of this case.  **See** Trial Court Opinion (TCO), 7/16/18, at 1-4.  Instead, we only note that Appellant was convicted of the above-stated offenses and, on April 6, 2016, he was sentenced to the aggregate term mentioned *supra*.  He filed a timely direct appeal, and this Court vacated his original sentence and remanded for resentencing.  ***See Commonwealth v.***

*Linnen*, 175 A.3d 358 (Pa. Super. filed July 6, 2017) (unpublished memorandum) (concluding that Appellant should not have been sentenced for both the inchoate crimes of criminal attempt homicide and criminal conspiracy related to the attempted homicides).

On remand, the trial court imposed a term of 15 to 30 years' incarceration for one of Appellant's attempted homicide convictions, and a consecutive term of 10 to 20 years' incarceration for the other. Thus, Appellant received the same aggregate sentence of 25 to 50 years' incarceration that the court had originally imposed. Notably, Appellant did not file a post-sentence motion challenging his new sentence.

Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) statement, preserving one issue for our review:

a. The trial court abused its discretion in sentencing when it sentenced [Appellant] to consecutive terms of incarceration.

Pa.R.A.P. 1925(b) Statement, 11/15/17, at 1. The trial court filed its Rule 1925(a) opinion addressing this claim on July 16, 2018.

Now, in his brief to this Court, Appellant states his issue as follows:

1. The trial court abused its discretion when it sentenced Appellant to consecutive terms of incarceration resulting in a sentence of 25 — 50 years['] incarceration[,] which is manifestly excessive.

Appellant's Brief at 5.

Initially, Appellant failed to raise this claim in a post-sentence motion, and he does not point to where in the record of the resentencing hearing he

- 2 -

preserved it for review. Consequently, it is waived. **See Commonwealth v. Bromley**, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citations omitted).

Additionally, while the issue Appellant sets forth in his "Statement of the Questions Involved" section of his appellate brief essentially mirrors that preserved in his Rule 1925(b) statement, his "Argument" section does not align with this claim. Specifically, rather than attacking the court's imposition of consecutive sentences, "Appellant contends that the trial court committed reversible error when it focused solely on the nature of the offense and did not give any consideration to the rehabilitative needs of Appellant, his lack of criminal history, etc." Appellant's Brief at 17. At another point in his argument, Appellant maintains that the court failed to consider the mitigating factors of his "family … [or his] ability to contribute to society by maintaining full-time employment, purchasing a home and remaining in a committed relationship." **Id.** at 10. Appellant did not set forth these claims in his Rule 1925(b) statement and, therefore, they were not addressed by the trial court in its opinion. Consequently, we would deem Appellant's arguments waived on this basis, as well. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Finally, even if not waived, we would not review Appellant's argument because the Commonwealth has objected to the inadequacy of his Pa.R.A.P. 2119(f) statement. That statement reads, in its entirety and verbatim, as follows:

> **Commonwealth v. Goggins**, 748 A.2d 721 (Pa. Super. [] 2000) requires that the Pa.R.A.P. 2119(f) Statement for purposes of 42 Pa.C.S. § 9781(b) must specify where the sentence falls in relation to the sentencing guidelines, what particular provision of the sentencing code the sentence violates, what fundamental norm the sentence violates, and the manner in which it violates that norm. Based on the Pennsylvania Commission on Sentencing Guideline Sentence Forms used in this matter, the ranges of sentences were as follows.

Appellant's Brief at 9.

As the Commonwealth points out, Appellant's Rule 2119(f) statement "ends in what appears to be an incomplete thought." Commonwealth's Brief at 13. The Commonwealth argues that, "this statement is insufficient because [A]ppellant has not even alleged that the sentence imposed was improper, let alone how it violated any fundamental norm." **Id.** Accordingly, the Commonwealth insists that Appellant has waived his sentencing claim based on his failure to file a statement that complies, in any regard, with Rule 2119(f). We are compelled to agree. **See Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004) (stating that "this Court is precluded from reviewing the merits of the claim and the appeal must be denied" where the

- 4 -

appellee objects to the omission of a Rule 2119(f) statement) (citations omitted).[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2019

---

[1] We note that, notwithstanding Appellant's waiver of his sentencing claim on these various grounds, we would have affirmed his judgment of sentence based on the well-reasoned opinion of the Honorable Randal B. Todd of the Court of Common Pleas of Allegheny County. **See** TCO at 1-6.