J-A24023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY BOWSER, | |
| Appellant | No. 2567 EDA 2013 |

Appeal from the Judgment of Sentence Entered November 8, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015974-2008

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 12, 2014**

Appellant, Anthony Bowser, appeals from the judgment of sentence of 3½ to 7 years' incarceration, imposed following the revocation of his prior term of probation. We affirm.

The trial court set forth the facts and procedural history of this case as follows:

> On June 30, 2009, Appellant entered a negotiated guilty plea to possession with intent to deliver [(PWID)] and … criminal use of a communication device. Appellant's crimes involved a controlled sale of marijuana where Appellant sold eight packets of marijuana to Police Officer Fitzgerald. The [c]ourt accepted the plea and sentenced Appellant to [11½] to [23] months['] incarceration plus [2] years['] probation. The [c]ourt told Appellant at his sentencing that, in light of his extensive criminal background and the severity of the instant offense, he would

_____

[*] Retired Senior Judge assigned to the Superior Court.

receive a sentence of [8] years should he violate the terms of his supervision.

On October 1[8], 2011, Appellant appeared for a **Gagnon II**[1] violation hearing. Appellant [had been] arrested on July 8, 2011, for possession of a controlled substance. Appellant had also missed six [probation] office visits, twice tested positive for benzodiazepines, tested positive for marijuana six times, and tested positive for opiates on one occasion. Appellant had enrolled in treatment at Parkside Recovery but only attended the intake meeting and was ultimately discharged due to his absences.

Based on these technical violations, Appellant's probation was revoked and he was sentenced to [4] to [8] years['] incarceration for [PWID] and [3½] to [7] years['] incarceration on the criminal use of a communication device to run concurrent. After a motion to reconsider the sentence, the sentence on [PWID] was reduced to [3½] to [7] years.

Trial Court Opinion (TCO), 2/18/14, at 1-2 (citations to the record omitted).[2]

Appellant initially did not file an appeal from the imposition of his 3½ to 7 year aggregate sentence imposed on November 8, 2011. However, he subsequently filed a petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his direct appeal rights *nunc pro tunc*. The court granted that petition and Appellant filed the instant appeal *nunc pro tunc*. Herein, he raises the following four issues for our review:

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] The trial court indicated Appellant had prior convictions that increased the applicable statutory maximum term for his PWID offense to ten years' incarceration. **See** TCO at 4 n.2 (citing 35 Pa.C.S. § 780-115).

A. Is it an abuse of discretion for the court to sentence Appellant to a significant, almost maximum, sentence of confinement for technical violations of his probation, without consideration or application of [section] 9711(c) of the Sentencing Code, 42 Pa.C.S.A. §[]9771(c)?

B. Is it an abuse of discretion for the court to sentence Appellant to a substantial term of confinement for technical violations of probation, without allowing him credit for the time he served in custody for that same offense as part of his original sentence?

C. Is it an abuse of discretion for the court to sentence Appellant for technical violations of probation, taking into consideration as negative factors, impacting negatively on the sentence, "police contacts," "including arrests," which never became convictions of any wrong doing?

D. Is it an abuse of discretion for the court to sentence Appellant for technical violations of probation without giving him positive considerations for the time he was on the street – trouble free, and able to resist temptations for further wrong doing?

Appellant's Brief at 5 (unnecessary capitalization omitted).

Initially, we note that on September 24, 2013, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 9, 2013, the court issued an order granting Appellant's request for an extension of time to file his Rule 1925(b) statement, and directing that Appellant's concise statement be filed "on or before November 6, 2013…." Trial Court Order, 10/9/13. While Appellant did not file his Rule 1925(b) statement until November 7, 2013, the trial court addressed the merits of Appellant's claims in its Rule 1925(a) opinion without any mention of the untimeliness of Appellant's concise statement.

Recently, in ***Greater Erie Indus. Development Corp. v. Presque Isle Downs***, 88 A.3d 222 (Pa. Super. 2014), this Court stated that:

> [I]t is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." ***Hess v. Fox Rothschild, LLP***, 925 A.2d 798, 803 (Pa.Super.2007) (citing [***Commonwealth v.***] ***Castillo***, 888 A.2d [775,] 780 [(Pa. 2005)]) (emphasis in original); ***see Feingold v. Hendrzak***, 15 A.3d 937, 940 (Pa.Super.2011).

*Id.* at 225.

However, we went on in ***Greater Erie*** to acknowledge that "there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness." *Id.* First, we explained that we must "look first to the language" of the trial court's Rule 1925(b) order to ensure it satisfied the dictates of Rule 1925(b). *Id.* at 225-226. Then, we must ensure that the prothonotary provided the appellant with written notice of the court's Rule 1925(b) order. *Id.* at 226. We stated that the failure of the prothonotary to do so "will prevent waiver for timeliness pursuant to [Rule] 1925(b)." *Id.* at 226 (citing ***In re L.M.***, 923 A.2d 505, 509-10 (Pa. Super. 2007)).

In this case, the court's September 24, 2013 order fully complied with the dictates of Rule 1925(b), and there was a "Proof of Service" document attached to that order. However, the court's October 9, 2013 order

extending the Rule 1925(b) filing deadline did not satisfy the requirements of Rule 1925(b). Most notably, that order did not inform Appellant "that any issue not properly included in the [s]tatement timely filed and served … shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv). Additionally, there is no indication in the record that the prothonotary provided notice to Appellant of the court's issuance of that order; namely, there was no "Proof of Service" document attached. Under these circumstances, we decline to find Appellant's issues waived on the basis of his untimely filed Rule 1925(b) statement.

Nevertheless, Appellant's issues regarding the discretionary aspects of his sentence are waived because he did not raise them in a post-sentence motion following the court's November 8, 2011 imposition of the 3½ to 7 year sentence. *See Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citations omitted). We acknowledge that Appellant filed a motion for reconsideration from the imposition of his initial 4 to 8 year term of incarceration.[3] However, after the court granted that motion

---

[3] While that motion is docketed, for some reason it is not contained in the certified record.

and resentenced Appellant to 3½ to 7 years' incarceration for PWID, Appellant did not file a post-sentence motion for reconsideration.

This Court faced similar circumstances in **Commonwealth v. Levy**, 83 A.3d 457 (Pa. Super. 2013). There, after Levy was sentenced, the Commonwealth filed a motion for reconsideration, arguing that the term of incarceration was too lenient. **Id.** at 467. The trial court agreed and re-sentenced Levy, which this Court stated was "in effect[,] … a second judgment of sentence." **Id.** Because Levy did not raise his sentencing challenges at the time of his resentencing, or "file a post-sentence motion for reconsideration of the second judgment of sentence[,]" we deemed his discretionary aspects of sentencing issues waived.[4] **Id.**

We are compelled to reach the same conclusion in the instant case. Appellant did not file a motion for reconsideration of the sentence imposed on November 8, 2011. Accordingly, he has not preserved his challenges to the discretionary aspects of his sentence.[5]

---

[4] **See also Commonwealth v. Bullock**, 948 A.2d 818 (Pa. Super. 2008) (stating the right to appeal a discretionary aspect of sentence is not absolute and is waived if the appellant does not challenge it in post-sentence motions or by raising the claim during the sentencing proceedings); **Commonwealth v. Lloyd**, 878 A.2d 867 (Pa. Super. 2005) (finding the appellant waived his challenge to his sentence where he failed to raise the issue at the sentencing hearing or in his post-sentence motion).

[5] We acknowledge that the second issue raised by Appellant involves the court's failure to give him credit for time served. Such claims have been considered a non-waivable challenge to the legality of the sentence imposed. *(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2014

_(Footnote Continued)_ ————————————

***Commonwealth v. Davis***, 852 A.2d 392, 399 (Pa. Super. 2004) (citation omitted) ("An attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived."). However, in the "Argument" portion of Appellant's brief, he offers no discussion of this issue. Consequently, we are unable meaningfully review Appellant's contention that the court failed to give him credit for time served.