J-S34030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN R. CARPIO-SANTIAGO | |
| Appellant | No. 1884 MDA 2015 |

Appeal from the Judgment of Sentence entered October 5, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0003152-2015

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 21, 2016**

Appellant, Juan R. Carpio-Santiago, appeals from the judgment of sentence the Court of Common Pleas of Berks County entered October 5, 2015, following his convictions for conspiracy to commit burglary, and conspiracy to commit criminal trespass.  On appeal, Appellant raises sufficiency and weight of the evidence claims, and challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the underlying procedural and factual background in its Pa.R.A.P. 1925(a) opinion, which we adopt here by reference.  Trial Court Opinion, 12/11/15, at 1-3.

On appeal, Appellant argues his convictions are based on insufficient evidence and are against the weight of the evidence because the

Commonwealth failed to prove his involvement in the criminal enterprise. Appellant's Brief at 6.[1]  We disagree.

Appellant's contentions amount to no more than bald allegations of error or abuse of discretion, requiring us to reweigh the evidence, making credibility determination in his favor, or substituting our judgment for that of the trial court or the jury, in disregard of our well-established standards of

_____

[1] The issues for our review are stated as follows:

   I.   Whether the evidence presented at trial was insufficient as a matter of law wherein the Commonwealth's evidence presented at trial failed to establish any more than mere presence of [Appellant] in a vehicle stopped [by] the police following the commission of a crime and the evidence presented failed to establish any agreement to engage in any criminal conduct with any co-conspirators[.]

   II.  Whether the verdict was against the weight of the evidence wherein the verdict is so contrary to evidence and shocks one's sense of justice where there was testimony merely evidencing [Appellant]'s presence in a vehicle stopped by [the] police, where he was seated in a different location [sic] by the eyewitness, where no evidence of any agreement to commit a crime was testified to, and where the co-defendant testified that the instant [Appellant] had no knowledge and did not participate in the crime[.]

   III. Whether the sentence was illegal, unconstitutional and cruel and unusual wherein the sentence extended beyond the statutory [sic] guidelines excessively and unreasonably[.]

Appellant's Brief at i-ii.

review.[2]  We will not do so.  *See*, *e.g.*, *Commonwealth v. Sanchez*, 36

A.3d 24, 39 (Pa. 2011); *Commonwealth v. DeJesus*, 860 A.2d 102, 107

(Pa. 2004).

To the extent Appellant raises reviewable sufficiency and weight of the

evidence claims, upon review of the record, the parties' briefs, and the trial

_____

[2] In reviewing a challenge to the weight of the evidence, we note that

> [t]he weight of the evidence is exclusively for the finder of fact
> who is free to believe all, part, or none of the evidence and to
> determine the credibility of the witnesses.  An appellate court
> cannot substitute its judgment for that of the finder of fact.
> Thus, we may only reverse the lower court's verdict if it is so
> contrary to the evidence as to shock one's sense of justice.
> Moreover, where the trial court has ruled on the weight claim
> below, an appellate court's role is not to consider the underlying
> question of whether the verdict is against the weight of the
> evidence.  Rather, appellate review is limited to whether the trial
> court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations
and quotation marks omitted).

> In reviewing a sufficiency of the evidence claim, we determine
>
> whether the evidence at trial, and all reasonable inferences
> derived therefrom, when viewed in the light most favorable to
> the Commonwealth as verdict winner, are sufficient to establish
> all elements of the offense beyond a reasonable doubt.  We may
> not weigh the evidence or substitute our judgment for that of the
> fact-finder.

*Commonwealth v. Stevenson*, 894 A.2d 759, 773 (Pa. Super. 2006)
(citations omitted).

court opinion, we conclude the trial court adequately addressed the issues. Trial Court Opinion, 12/11/15, at 3-6.

Finally, Appellant inartfully attempts to challenge the discretionary aspects of his sentence (excessiveness), portraying it as challenge to the legality and constitutionality of the sentence.[3] Even if we were to consider it as a true challenge to the legality and/or constitutionality of the sentence, Appellant failed to articulate any reason or discuss any authority in support of his one-sentence claim.[4] The claim, therefore, is waived. *See*, *e.g.*, *Commonwealth v. Johnson*, 985 A.2d 915 (Pa. 2009) ( "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); Pa.R.A.P. 2119(a).

Treating it for what the challenge actually is, *i.e.*, a challenge to the discretionary aspects of the sentence, the claim is similarly waived because Appellant failed to include a Pa.R.A.P. 2119(f) statement or otherwise explain the reasons for his challenge. *Id.*

_____

[3] Additionally, Appellant states that "[t]he standard of review for a claim challenging that the sentence [is] illegal, unconstitutional, and cruel and unusual is whether or not there was an abuse of discretion by the [c]ourt." *Id.* (citing *Commonwealth v Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008)). We decline to make any comment on this statement. We merely encourage counsel to familiarize herself with this area of criminal law.

[4] *See* Appellant's Brief at 13.

- 4 -

Even if not waived, the challenge would be without merit because bald allegations of excessiveness fail to establish a substantial question for our review. *See also Commonwealth v. Bromley*, 862 A.2d 598 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence); *Commonwealth v. Trippett*, 932 A.2d 188 (Pa. Super. 2007) (bald allegation of excessiveness does not raise a substantial question).

We conclude Appellant's weight and sufficiency of the evidence claims are without merit, and his challenge to the discretionary aspects of the sentence is waived or otherwise without merit. Accordingly, we affirm the judgment of sentence. We direct that a copy of the trial court's December 11, 2015 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016

COMMONWEALTH OF
PENNSYLVANIA

    v.

JUAN R. CARPIO-SANTIAGO,
APPELLANT

: IN THE COURT OF COMMON PLEAS OF
: BERKS COUNTY, PENNSYLVANIA
: CRIMINAL DIVISION
:
: No. CP-06-CR-0003152-2015
:
: PAUL M. YATRON, PRESIDENT JUDGE

Matthew A. Thren, Esq., Attorney for the Commonwealth
Catherine J. Nadirov, Esq., Attorney for the Appellant

**1925(a) Opinion**                                                           **December 11, 2015**

Following a jury trial held October 5, 2015, Juan Carpio-Santiago ("Appellant") was convicted of conspiracy to commit burglary[1] and conspiracy to commit criminal trespass[2]. Appellant was sentenced the same day to not less than five (5) nor more than twenty (20) years' incarceration, with time served credit of 141 days. Appellant filed a post-sentence motion on October 19, 2015, which we denied the same day.

Appellant filed a notice of appeal on October 27, 2015, and we directed counsel to file a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The concise statement was timely filed on November 12, 2015.

Appellant raises the following matters for appellate review:

1. Whether the evidence present at trial was sufficient as a matter of law wherein the Commonwealth's evidence presented at trial failed to establish an identification of the Defendant at the scene of the crime, but rather merely as an individual in a car, that when the car was later engaged in a traffic stop he was seated in a different position, where a co-Defendant testified he was innocent and that the Defendant had no knowledge of any crimes having been committed nor was he present at the crime scene, and as such the evidence failed to establish either participation in the crime or knowledge or any agreement to engage in any criminal conduct.

2. Whether the verdict was against the weight of the evidence wherein the verdict is so contrary to the evidence and shocks one's sense of justice where there was testimony by a

---

[1] 18 Pa.C.S.A. §§ 903(a)(1), 3502(a)(1).
[2] 18 Pa.C.S.A. §§ 903(a)(1), 3503(a)(1)(ii).


BERKS COUNTY, PA
2015 DEC 11 AM 30
CLERK OF COURTS

1



co-Defendant to the Defendant's innocence, that he did not participate in nor have any knowledge of any criminal conduct, and where the identification made by the Victim was wholly incredible.

3. Whether the Court's sentence was illegal, unconstitutional and cruel and unusual wherein the sentence extended beyond the statutory guidelines and was unreasonably excessive.

CONCISE STATEMENT, November 12, 2015.

## Factual Summary

On May 17, 2015, Ivan Hernandez was at home with his wife, Yanilda, watching television in the den on the first floor. NOTES OF TESTIMONY ("N.T."), Oct. 5, 2015 at 32. Their doorbell rang several times in succession, but because the two were not expecting anyone, they chose to ignore it. *Id.* at 33. Someone outside then said "hello" twice, and there was loud knocking on the front door. *Id.* at 33–34. Now intending to answer the door, Ivan got up to look for a pair of pants. *Id.* at 34. Suddenly there was a crash from a living room window, caused by the screen coming off the window and objects on the windowsill falling to the floor. *Id.*

Ivan saw a male trying to open the window wider, so he ran outside and yelled at the intruder, who was later identified at Eddie Rosado. *Id.* at 35–36. Rosado looked at Ivan for "a second or two" and then ran towards a car that was starting to move; Ivan ran after him. *Id.* at 36, 46. Appellant was driving the car, and another man was leaning out the front passenger side window saying "yo, yo, yo." *Id.* at 37–38, 48–49, 52. Rosado opened the back door and jumped in the vehicle, which was a beige or champagne four-door Honda sedan. *Id.* at 37, 41, 45. The car took off northbound. *Id.* at 41.

Yanilda called the police, and Officer Cornell Deuber of the Reading Police Department quickly responded to the home. *Id.* at 42, 53. Ivan provided a description of the individuals and the vehicle, including a partial license plate number. *Id.* at 42. Approximately fifteen minutes later, Sergeant David Liggett saw a traveling vehicle that matched the description. *Id.* at 60–62. Sergeant Liggett contacted Officer Deuber to confirm the license plate information, and afterwards he executed a traffic stop. *Id.* At that time, Appellant was in the front passenger seat; the driver's name was Carlos Ramos-Perez. *Id.* at 63. Ramos-Perez was carrying a pocket knife with a broken tip; the knife also had horizontal marks suggesting that it had been stuck into something. *Id.* at 65.

2

Ivan was driven to the scene to identify the suspects, which occurred approximately thirty minutes after the initial incident. *Id.* at 42–43, 57. Ivan identified the vehicle and all three men without hesitation. *Id.* at 44, 55, 66.

Later that night, Rosado gave a statement to the police that he had conspired with Appellant and Ramos-Perez to commit the burglary. *Id.* at 76. Rosado also stated the plan had been Appellant's idea. Criminal Investigator Michael Perkins testified that at the time of the interview, Rosado was lucid and did not appear intoxicated. *Id.* at 98.

## Discussion

Appellant claims that the evidence presented at trial was insufficient to support his convictions and that the verdict was against the weight of the evidence. CONCISE STATEMENT at ¶1, 2. Appellant also claims that this Court's sentence was "illegal, unconstitutional and cruel and unusual." *Id.* at ¶3. These claims are without merit.

### I. Appellant's verdicts were supported by sufficient evidence.

Appellant's sufficiency of the evidence claim is premised on the following argument: "the Commonwealth's evidence presented at trial failed to establish an identification of the Defendant at the scene of the crime, but rather merely as an individual in a car, that when the car was later engaged in a traffic stop he was seated in a different position, where a co-Defendant testified he was innocent and that the Defendant had no knowledge of any crimes having been committed nor was he present at the crime scene, and as such the evidence failed to establish either participation in the crime or knowledge or any agreement to engage in any criminal conduct." *Id.* at ¶1.

The standard of review for a sufficiency of the evidence claim is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly

3

circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001) (quoting *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000)) (citations omitted). "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict." *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) (citing *Commonwealth v. Hopkins*, 747 A.2d 910, 914 (Pa. Super. 2000)).

As charged, a person is guilty of burglary "if, with the intent to commit a crime therein, the person enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S.A. § 3502(a)(1). As charged, a person is guilty of criminal trespass "if, knowing that he is not licensed or privileged to do so, he breaks into any building or occupied structure or separately secured or occupied portion thereof." *Id.* at § 3503(a)(1)(ii).

A person is guilty of conspiracy if, "with the intent of promoting or facilitating" a crime, he "agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime." 18 Pa.C.S.A. § 903(a)(1). To prove conspiracy, the evidence viewed in the light most favorable to the Commonwealth must establish that:

> (1) the defendant entered into an agreement with another to commit or aid in the commission of a crime; (2) he shared the criminal intent with that other person; and (3) an overt act was committed in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator.

*Commonwealth v. Knox*, 50 A.3d 749, 755 (Pa. Super. 2012).

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently

4

prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

*Id.* at 755 (quoting *Commonwealth v. McCall*, 911 A.2d 992, 996–97 (Pa. Super. 2006)).

The Commonwealth introduced evidence that after Eddie Rosado was chased from the Hernandez residence, he jumped into the backseat of a car that was already in motion. There was also evidence that Appellant was driving the car at this time. Only a half hour later, Ivan Hernandez identified Appellant, Rosado, and Carlos Ramos-Perez as the three men who had been in the car. The same night, Rosado gave a statement to the police confirming that he had conspired with Appellant and Ramos-Perez to burglarize the Hernandez's home. In fact, Rosado stated that burglary had been Appellant's idea. Given this evidence, a reasonable jury could easily conclude that the three men had conspired to commit burglary and criminal trespass.

Appellant's argument is largely founded on Eddie Rosado's testimony at trial that Appellant had not been involved in the crime. Rosado's testimony, however, was extremely suspect. Rosado testified that he called Ramos-Perez for a ride *after* he had pushed the screen in at the Ramirez residence; he later testified that he had called Ramos-Perez *before* the attempted burglary. N.T. Oct. 5, 2015 at 77–78. Rosado also claimed that Appellant was not in the car during the burglary, but that they picked him up later. *Id.* During his interview, however, Rosado claimed that the whole burglary had been Appellant's idea. *Id.* at 82. Rosado's explanation for the discrepancy was that he "didn't want to get in trouble by myself, you know." *Id.* Notably, on July 28, 2015, Rosado pled guilty to conspiring with Appellant and Ramos-Perez to commit burglary. *Id.* at 85–89. It is the jury's responsibility to determine a witness's credibility; quite understandably, they chose to disbelieve Rosado's testimony.

## II. Appellant's verdicts are not contrary to the weight of the evidence presented at trial.

Appellant claims the verdict is against the weight of the evidence because of Eddie Rosado's testimony and because "the identification made by the Victim was wholly incredible." CONCISE STATEMENT at ¶2.

The weight of trial evidence is a choice for the fact-finder. *Commonwealth v. West*, 937 A.2d 516, 521 (Pa. Super. 2007). Where the fact-finder renders a guilty verdict and the defendant

5

files a motion for a new trial on the basis that the verdict was against the weight of the evidence, "a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Stays*, 70 A.3d 1256, 1267 (Pa. Super. 2013) (citing *West*, 937 A.2d at 521).

When an Appellant challenges a trial court's denial of a post-sentence motion for new trial based on weight of the evidence, the standard of review is limited to whether the trial court abused its discretion:

> We do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

*West*, 937 A.2d at 521 (Pa. Super. 2007). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." *Id.* (citations omitted). A proper exercise of discretion, by contrast, "conforms to the law and is based on the facts of record." *Id.*

Our order denying Appellant's post-sentence motions conforms to the law and is based on the facts of record, as discussed *supra*. We reiterate that the Commonwealth introduced ample evidence of Appellant's guilt.

### III. The sentence imposed by this Court was not illegal or unconstitutional.

Appellant argues that his sentence is "illegal, unconstitutional and cruel and unusual wherein the sentence extended beyond the statutory guidelines and was unreasonably excessive." CONCISE STATEMENT at ¶3.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008). An abuse of discretion is more than an error in judgment; rather, the appellant must establish that the sentencing court "ignored or misapplied the law[;] exercised its judgment for reasons of partiality, prejudice, bias or ill will[;] or arrived at a manifestly unreasonable decision." *Id.* A sentence should not be disturbed where it is evident that the sentencing court was aware of the sentencing considerations and weighed the considerations in a meaningful fashion. *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988).

6

Appellant was convicted of one count of conspiracy to commit burglary and one count of conspiracy to commit criminal trespass, which merged for purposes of sentencing. We imposed a sentence of not less than five (5) nor more than twenty (20) years' incarceration, with time served credit of 141 days. This sentence was based on numerous factors which clearly indicated that Appellant required an extensive term of incarceration. The following excerpt from Appellant's sentencing hearing is illustrative:

**The Court:** Well, I have been reviewing this PSI, and it shows a pretty bad history. In fact, the oldest offense on it is a felonious robbery for which it appears the Defendant got two years probation. That was, of course, in New York so that may explain that.

I'm particularly troubled. The Defendant has gotten enormous volume discounts over the years for committing multiple offenses and there being concurrent sentences or short sentences. Even the two counts from which he is still on parole, the minimum sentence in those cases was 15 months that he already had about 4 months served.

There's a whole litany of other offenses where the Defendant got terms of imprisonment that were measured in months. That the Defendant was on parole, state parole for a term of 20 years when this offense was committed is mind boggling to the Court that somebody would take the kind of risk that is entailed by that. I just don't—I don't understand it. It speaks of a recklessness and complete disregard of the rules.

The purpose of parole is supposed to be to supervise people so that they don't do these things. And this Defendant, in less than 4 years of receiving that sentence, is out cruising around committing burglaries. The only way it seems to me to protect the public against this guy is to put him in jail. Because obviously the parole system hasn't worked. Close supervision doesn't appear to have worked. The longest prison sentence that he has had, assuming the minimums of that sentence, were 15 months.

**Ms. Nadirov:** It's actually 18, Your Honor.

**The Court:** Where is that one?

**Ms. Nadirov:** The second one.

**The Court:** Oh. Oh, the New York felonious theft. Yes, you are right. 18 months on that one. Well, in any event, the Defendant's rehabilitative needs are great since it appears that despire this record he has not been rehabilitated and he has committed a lot of different kinds of offenses here. Violent offenses. Drug offenses. Assault. Recklessly endangering. Robbery. This is a record that—

7

this is a record that calls for a significant sentence to protect the public.

. . .

I have reviewed the PSI. I have taken into account the evidence in the case. I have taken into account the provisions of the sentencing guidelines. I have taken into account the Defendant's very extensive prior record. Considered his rehabilitative needs. I have considered the seriousness of the offense and its effect on the community.

N.T. Oct. 5, 2015 at 137–39. As evinced by this record, we gave full consideration to the required factors in sentencing Appellant. We respectfully submit that the sentence imposed was neither excessive nor unreasonable, and certainly not unconstitutional.

## **Conclusion**

For all of the foregoing reasons, this Court respectfully requests that the instant appeal be **DENIED** and the judgment of sentence **AFFIRMED**.

8

12/15/2015  4:23:05 PM

COMMONWEALTH OF
PENNSYLVANIA

    v.

JUAN R. CARPIO-SANTIAGO,
    APPELLANT

: IN THE COURT OF COMMON PLEAS OF
: BERKS COUNTY, PENNSYLVANIA
: CRIMINAL DIVISION
:
: No. CP-06-CR-0003152-2015
:
: PAUL M. YATRON, PRESIDENT JUDGE

## NAMES AND ADDRESSES OF THOSE TO BE SERVED

☐    *Clerk of Courts*

☑    *CIS*

☑    *Counsel for the Commonwealth*
    Berks County District Attorney's Office

☑    *Defense Counsel*
    Catherine J. Nadirov, Esq.

☑    *Judge*

BERKS COUNTY, PA
2015 DEC 11 AM 11:29
CLERK OF COURTS



Courthouse, 4th Floor
633 Court Street
Reading, PA 19601-3585

Phone: 610.478.6550

BethAnn G. Hartman, Chief Deputy
James M. Polyak, Solicitor
Daryl F. Moyer, Solicitor, Emeritus

**James P. Troutman, Clerk of Courts**

**PROOF OF SERVICE**

Docket No. _3150-15_

I, _Gladys Troutman_, certify that I served the within documents upon the following:

(X) District Attorney    ( ) Solicitor    ( ) Prison Society    ( ) CYS
( ) Public Defender    ( ) Court Reporter    ( ) Controller    ( ) Ct Admin
( ) Adult Probation    ( ) Prothonotary    ( ) commissioner    ( ) GAL
( ) Bureau of Traffic Safety    ( ) Sheriff    ( ) Bar Association
( ) Reading Central Court    ( ) MHMR    ( ) Reading Eagle
( ) Law Library    ( ) Dr. Rotenberg    ( ) Beth
( ) BCP Records    ( ) TASC    (X) Computer
(X) Judge _____
( ) District Justice _____
( ) Police Department _____
     On the _____ day of _____, 20 ____.

( ) Defendant and/or Claimant by mailed a certified copy thereof to the following address:

_____

_____

     On the _____ day of _____, 20 ____.

(X) Defendant's attorney by mailing a certified copy thereof to:

_____

_____

     On the _14_ day of _December_, 20 _15_.

Statements in this proof of service are made subject to the penalties for unsworn falsification to authorities under the Crimes Code 4904 (18 PACS 4904).

_____
Signature of Server

Docket No.: CP-06-CR-0003152-2015
Date Mailed: 12/14/2015

**Address Sheets**

## File Copy Recipient List

Addressed To: Catherine Jane Nadirov (Conflict Counsel)
Law Ofcs of Kline & Nadirov
519 Walnut St
Reading, PA 19601-3477