J-S73016-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOYCE COLE, | : | |
| | : | |
| Appellant | : | No. 393 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 28, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s):
CP-63-CR-0001171-2016
CR 2177 OF 2016
CR 1842 OF 2016

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOYCE COLE, | : | |
| | : | |
| Appellant | : | No. 394 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 28, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s):
CP-63-CR-0001171-2016
CP-63-CR-0001842-2016
CP-63-CR-0002177-2016

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |

J-S73016-18

|  | Appellee | ⋮ |  |
|---|---|---|---|
|  | v. | ⋮ |  |
| JOYCE COLE, |  | ⋮ |  |
|  | Appellant | ⋮ | No. 395 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 28, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002177-2016

BEFORE:   GANTMAN,  P.J.,  BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:                    FILED  JANUARY 23, 2019

Appellant, Joyce Cole, appeals nunc pro tunc from the judgment of sentence entered after she pled guilty, in three separate cases, to retail theft, access device fraud, and theft by unlawful taking.[1]

The facts of Appellant's underlying convictions are not necessary to our disposition of the present appeal.  The trial court summarized the procedural history of Appellant's case, as follows:

> On September 28, 2016, … []Appellant[] entered into plea agreements with the Commonwealth before the Honorable John DiSalle regarding certain criminal charges issued against her at docket numbers CR-2177-2016, CR-1842-2016, and CR-1171-2016. At CR-1171-2016, [] Appellant pled guilty to Retail Theft (F-3) and agreed to a sentence of 5 years of probation. At CR-1842-2016, [] Appellant pled guilty to Access Device Fraud (M-2) and Theft by Unlawful Taking (M-2) and agreed to a sentence of 2 years of probation [on each count]. Each count was to run concurrently to each other and concurrent[ly] to the probationary

_____

[1] Appellant's appeals were sua sponte consolidated by order of this Court filed on April 12, 2018.

- 2 -

sentence at CR-1171-2016. Finally, at CR-2177-2016, [] Appellant pled guilty to Retail Theft (F-3) and agreed to a 5 year probation sentence[,] concurrent to all of the afore-mentioned [sic] sentences. In addition, [] Appellant pled guilty [at CR-2177-2016] to Possession of Paraphernalia (M) and agreed to a sentence of 12 months of probation, concurrent to all of the above-mentioned sentences. Further, [] Appellant was ordered to have a drug and alcohol evaluation, follow through will [sic] all recommended treatment, and pay restitution to the victims.

On January 27, 2017, the Washington County Adult Probation Office filed a probation revocation petition. The trial court held a revocation hearing on February 10, 2017, at which time it found [] Appellant in violation of her September 28, 2016, court orders. The trial court re-imposed her probationary sentences, required [] Appellant to attend all mental health appointments, all drug and alcohol treatment appointments, and ordered [] Appellant to refrain from using drugs and alcohol.

The Washington County Adult Probation Office presented the trial court with a second set of probation revocation petitions on November 22, 2017. The trial court scheduled a probation revocation hearing for December 11, 2017.[1] At the hearing, the court found [] Appellant in violation of her February 10, 2017 court order, revoked her probation, and sentenced her as follows: 1) [a]t CR-1171-2016 regarding the charge of Retail Theft (F-1), the trial court imposed a sentence of at least 12 months to no more than 24 months at a state correctional facility; 2) [a]t CR-2177-2016 regarding the charge of Retail Theft (F-3), the trial court imposed a 5 year [term] of probation[,] … to run concurrently to the sentence at CR-1171-2016;[2] and 3) [a]t CR-1842-2016 regarding the charge of Access Device Fraud (M-2) and Theft by Unlawful Taking (M-2), the trial court re-imposed [the] 2[-]year … probation sentences for each crime[,] to run concurrently to each other and to the sentence at CR-1171-2016. Finally, [] Appellant was ordered to undergo a mental health assessment and follow through with all recommended treatment.

[1] At this juncture, the cases were transferred from Judge John DiSalle to Judge Gary Gilman, the author of this opinion.

[2] The trial court did not impose any sentence regarding the Possession of Drug Paraphernalia[,] since the 12[-]month probation sentence had expired.

It is important to note that [] Appellant had been represented by counsel at all of the aforementioned proceedings. More specifically, [] Appellant applied for representation with the Washington County Public Defenders Officer for the December 11, 2017 revocation hearing. The Public Defender's Office entered [its] appearance on November 30, 2017. Mr. James Jeffries, [Esq.,] however, had represented [] Appellant at her September 28, 2016 sentencing hearing through the conflict counsel program. Mr. Jeffries, among others, has a contract with Washington County to represent criminal defendants who [are] unable to be represented by the Washington County Public Defender's Office due to a conflict of interest. Consequently, Mr. Jeffries represented [] Appellant at the December 11, 2017 revocation hearing.

On December 30, 2017, [] Appellant drafted an uncounseled petition requesting reconsideration of her sentence. This untimely petition was filed with the Clerk of Courts on January 5, 2018. On January 11, 2018, [] Appellant drafted a petition alleging Mr. Jeffries [had been] ineffective. This petition was filed with the Clerk of Courts on January 18, 2018. Then, [] Appellant filed a second uncounseled petition requesting reconsideration. This petition was dated February 7, 2018, and was filed with the Clerk of Courts on February 16, 2018.

The trial court considered the February 7, 2018 petition [as] a … petition [under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546]. On February 15, 2018, the trial court issued an order stating that it granted [] Appellant's [PCRA petition] and reinstated her post-sentencing and appellate rights. In response, Mr. Jeffries filed a timely notice of appeal on March 16, 2018. The Court issued a [Pa.R.A.P.] 1925(b) order on March 22, 2018[,] that directed counsel to file a statement within 21 days. At the time this opinion was filed with the Clerk of Courts, Mr. Jeffries had not yet filed his Concise Statement….

Trial Court Opinion (TCO), 6/1/18, at 1-3 (some footnotes omitted).

The certified record reveals that Attorney Jeffries never filed a Rule 1925(b) statement on Appellant's behalf. Typically, we would remand in such circumstances for the filing of a statement nunc pro tunc. See Pa.R.A.P. 1925(c)(3). However, we decline to do so in this case, as Attorney Jeffries

has waived any claim(s) Appellant could raise on appeal on other grounds.

First, the appellate brief filed by Attorney Jeffries is completely inadequate.

Specifically, the entirety of counsel's argument is as follows:

> Undersigned counsel for [] Appellant cannot decipher what [] Appellant wishes to be raised on [a]ppeal with regards to Argument. [] Appellant will not cooperate with undersigned counsel and has ordered the undersigned counsel to put forth an appeal without providing any basis for the same. As such, undersigned counsel is putting together an argument based upon the correspondence written to the undersigned as best as the undersigned can understand.
>
> [] Appellant had a revocation hearing on December 11, 2017. [] Appellant has instructed the undersigned to indicate that she received a twelve (12) to twenty-four (24) month sentence on a technical probation violation and [] Appellant wishes to point out that there were no new charges. [] Appellant indicates that she received a "one year hit" and that her sentence was changed from a County Sentence to a State Sentence.
>
> [] Appellant has further instructed the undersigned counsel to argue that she is upset about this revocation because she will be seen by the Pennsylvania Parole Board and she is concerned that the State Sentence is going to place her in double jeopardy. [] Appellant has instructed and ordered the undersigned to raise this specific argument in this [brief].
>
> Additionally, the undersigned has indicated that she filed an ineffective assistance of counsel against the undersigned counsel and filed a timely Habeas Corpus Petition within ten (10) days, which she indicates was December 12, 2017. The undersigned counsel cannot find any Petition entitled "PCRA" filed by [] Appellant. Furthermore, [] Appellant has ordered the undersigned counsel to argue in this [b]rief that she was filing her PCRA Pro Se and the same was filed with the Clerk of Courts in Washington County, Pennsylvania.
>
> [] Appellant has ordered the undersigned counsel to also put forth that she is complaining that the [l]ower [c]ourt was required to make a decision within thirty (30) days and as of February 7, 2018, no decision was made by the [c]ourt.

Appellant's Brief at 10-11.

Attorney Jeffries' nearly incomprehensible discussion, which is absent of any meaningful argument or citations to legal authority, would waive this Court's review of Appellant's claim(s), even had counsel preserved them for our review in a timely-filed Rule 1925(b) statement. See Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. ... [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted). We also point out that, to the extent Appellant seeks to challenge the discretionary aspects of her sentence, such claim(s) are waived due to Attorney Jeffries' failure to file a post-sentence motion or include a Pa.R.A.P. 2119(f) statement in the appellate brief. See Commonwealth v. Bromley, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citation omitted); Commonwealth v. O'Bidos, 849 A.2d 243, 254 (Pa. Super. 2004) (finding the appellant waived his discretionary aspects of sentencing claim by not including a Rule 2119(f) statement in his appellate brief). Because Attorney Jeffries has waived

Appellant's claim(s) on multiples grounds, we are compelled to affirm her judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2019

_____

[2] Appellant may seek relief via the PCRA if she desires to allege that Attorney Jeffries acted ineffectively in this case.