J-S33013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC ROBERT TURINSKI, | |
| Appellant | No. 818 MDA 2016 |

Appeal from the Judgment of Sentence Entered April 14, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003065-2014

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED JUNE 13, 2017**

Appellant, Eric Robert Turinski, appeals from the judgment of sentence of 12 to 36 months' incarceration, followed by 36 months' probation, and a lifetime registration requirement under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, imposed after he pled guilty to statutory sexual assault (SSA) under 18 Pa.C.S. § 3122.1.  On appeal, Appellant claims that the trial court erred by utilizing an incorrect offense gravity score (OGS) when sentencing him, and that the court imposed an illegal sentence by classifying him as a Tier III offender under SORNA.  After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Briefly, Appellant was arrested and charged with various sexual offenses based on allegations that, in April of 2008, he had sexual intercourse with a minor victim, who was 14 years old at that time. In September of 2015, Appellant pled guilty to one count of SSA, graded as a felony of the second degree. On April 14, 2016, Appellant proceeded to a sentencing hearing, at which he was first determined not to be a sexually violent predator, and he was then sentenced to the above-stated term of incarceration and probation. The court also directed that Appellant's SSA conviction be considered as a Tier III offense under SORNA, thus subjecting him to a lifetime registration requirement. *See* 42 Pa.C.S. § 9799.14.

Appellant filed a timely motion for reconsideration of his sentence, which was denied on May 5, 2016. He then filed a timely notice of appeal to this Court. That same day, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant requested an extension of time to file his concise statement, which the court granted on May 26, 2016, directing that Appellant file his statement by June 30, 2016. However, Appellant did not file his concise statement until October 5, 2016. Consequently, the trial court issued a Rule 1925(a) opinion stating that any issues Appellant seeks to raise on appeal are waived. *See* Trial Court Opinion (TCO), 12/7/16, at 1-2.

Herein, Appellant presents two issues for our review, which we have reordered for ease of disposition:

A. Whether the lower court imposed an illegal sentence when it used a gravity score of nine (9) when the crime [] Appellant plead [*sic*] guilty to carries an offense gravity score of seven (7).

B. Whether the lower court imposed an illegal sentence when it sentenced [] Appellant to register as a lifetime Tier III sexual offender when [] Appellant pled guilty to Count 2 of the criminal information, [a] violation of 18 Pa.C.S.A. §[]3122.1 Statutory Sexual Assault graded as a Felony of the Second Degree; specifically that [] Appellant engaged in sexual intercourse with a person less than sixteen (16) years of age when [] Appellant was four (4) or more years older than the complainant and [] Appellant and the complainant are not married to each other.

Appellant's Brief at 5.

Before examining Appellant's issues, we must address the untimely filing of his Rule 1925(b) statement. Under Rule 1925(c)(3) and this Court's decision in **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009), counsel's untimely filing of a Rule 1925(b) statement constitutes *per se* ineffectiveness, which permits this Court to remand for the *nunc pro tunc* filing of a concise statement and an opinion by the trial court. We recognize that in **Burton**, we held that "if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper." **Burton**, 973 A.2d at 433.

Here, the trial court did not explicitly address, in its Rule 1925(a) opinion, the two sentencing issues Appellant raises herein. However, the court did state that its "reasons for its sentencing order in this case appear of record in the sentencing hearing transcript and in the hearing record

regarding [Appellant's] post-sentence motion." TCO at 1-2 (unnumbered). We have reviewed the record and agree that the court's rationale for imposing Appellant's term of incarceration, and its decision to classify him as a Tier III SORNA offender, is apparent on the face of the record. Accordingly, we can meaningfully review Appellant's sentencing claims based on the record before us and we need not delay this case by remanding for a more detailed Rule 1925(a) opinion.

Appellant first argues that the trial court applied an incorrect offense gravity score (OGS) of 9, when the correct OGS for his SSA offense was 7. While in his statement of this issue, Appellant asserts that it implicates the legality of his sentence, he acknowledges in his argument that this claim is actually a challenge to the discretionary aspects of his sentence. ***See*** Appellant's Brief at 14. We agree.

> Our Supreme Court has provided guidance on what constitutes the discretionary aspects of sentencing. Section 9781(b) specifies that allowance of appeal of the discretionary aspects of sentence may be granted where it appears that there is a substantial question that the sentence imposed is not appropriate *under this chapter.* The chapter referred to is, of course, the entire Sentencing Code. We have stated that [t]he purpose of the prior record score and the [OGS] are part of the Guidelines used by the court to create uniformity in sentencing. This Court has further stated that, if a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived by a defendant. If we were to qualify an improper calculation of offense gravity score as implicating the legality of sentence, we would be giving the sentencing guidelines more weight than they

were intended. We recently stated[] [that] the guidelines list ranges within which a court may sentence for particular crimes; they are not mandatory and courts will take into account various other factors when sentencing.

Although a sentencing court has no obligation to sentence within the guidelines, the trial court must necessarily correctly apply the guidelines and reach the correct point of departure before sentencing outside of the guidelines.

[Therefore, t]he sentencing court must correctly ascertain the [OGS] in order to reach the proper sentence recommendation provided by the Sentencing Guidelines.

When the Sentencing Guidelines are properly applied, the judge may then exercise his or her discretion to sentence outside the Guidelines. An improper calculation of the offense gravity score affects the outcome of the sentencing recommendations, resulting in an improper recommendation, thereby compromising the fundamental norms which underlie the sentencing process. We thus hold that any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence.

*Commonwealth v. Archer*, 722 A.2d 203, 210–11 (Pa. Super. 1998) (internal citations and quotation marks omitted; emphasis in original).

In light of *Archer*, it is apparent that Appellant's allegation that the trial court applied an incorrect OGS implicates the discretionary aspects of his sentence. "It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court." *Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004) (citing *Commonwealth v. Mann*, 820 A.2d 788 (Pa. Super. 2003) (issues challenging the discretionary aspects of sentence must be raised in post-sentence motion or by raising claim during sentencing

proceedings; absent such initiative, objection to the discretionary aspects of sentence waived on appeal)). Here, Appellant did not raise any claim concerning the OGS in his post-sentence motion, and he also does not point to where he preserved this claim at the time of the sentencing hearing. Accordingly, he has not preserved his first sentencing claim for our review.[1]

Next, Appellant contends that the court imposed an illegal sentence by designating him as a Tier III offender under SORNA, thus subjecting him to a lifetime registration requirement. Preliminarily, Appellant is incorrect that this claim implicates the legality of his sentence. Both our Supreme Court and this Court have declared that the registration requirements of SORNA are **not** punitive and, therefore, they do not constitute criminal punishment. *See Commonwealth v. Gaffney*, 733 A.2d 616, 622 (Pa. 1999); *Commonwealth v. Benner*, 853 A.2d 1068, 1070 (Pa. Super. 2004). Rather, "the registration requirement is properly characterized as a collateral consequence of [the defendant's] plea, as it cannot be considered to have a

_____

[1] In any event, we note that at the sentencing proceeding, Appellant's attorney informed the court that Appellant's OGS was 7, and that the standard range guidelines called for a minimum sentence of 6 to 14 months' incarceration. *See* N.T. Sentencing, 4/14/16, at 34. The court imposed a minimum sentence of 12 months, which was within that standard range. While Appellant avers on appeal that the court applied an OGS of 9, and sentenced him "as if he was convicted of a [f]elony of the [first d]egree rather than a [f]elony of the [second d]egree," he provides no citation to the record to support this assertion. Appellant's Brief at 15. Thus, even had Appellant preserved his OGS claim for our review, we would deem it meritless.

definite, immediate and largely automatic effect on [a defendant's] punishment." **Benner**, 853 A.2d at 1070 (citation and internal quotation marks omitted).[2]  Thus, Appellant's challenge to the registration requirement imposed by the court does not implicate the legality of his sentence.

Nevertheless, Appellant contends that the trial court erred by designating him as a Tier III offender under SORNA.[3]  By way of background, Appellant pled guilty to SSA as defined by the version of 18 Pa.C.S. § 3122.1 that was in effect in 2008, which is when he committed the offense.  That former version of section 3122.1 (hereinafter, "section 3122.1 (Former)") defined SSA as follows:

_____

[2] We recognize that "**Gaffney** and **Benner** were decided prior to the effective date of SORNA…." **Commonwealth v. McDonough**, 96 A.3d 1067, 1071 (Pa. Super. 2014). However,

> the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA.  Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety.  **Gaffney**, 733 A.2d at 619; **see** 42 Pa.C.S. § 9791(a) (legislative findings and declaration of policy behind registration of sexual offenders).  In fact, one of the main purposes behind SORNA is to fortify the registration provisions applicable to such offenders. **See** 42 Pa.C.S. § 9799.10 (purpose of registration of sexual offenders under SORNA); **see also** H.R. 75, 195th Gen. Assemb. Reg. Sess. (Pa. 2012).

**McDonough**, 96 A.3d at 1071.

[3] Appellant preserved this claim for our review by raising it in a written motion filed before his sentencing proceeding.

> Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3122.1 (Former). A conviction of SSA under section 3122.1 (Former) did **not** subject a person to registration under the version of Megan's Law (the predecessor to SORNA) that was in effect at the time Appellant committed his SSA offense (unless that person was determined to be a sexually violent predator, which Appellant was not). **See** 42 Pa.C.S. § 9795.1 (effective January 1, 2007 to December 7, 2008).

In 2011, section 3122.1 (Former) was amended (effective February 21, 2012) to define SSA as follows:

> **(a) Felony of the second degree.--**Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is either:
>
>> (1) four years older but less than eight years older than the complainant; or
>>
>> (2) eight years older but less than 11 years older than the complainant.
>
> **(b) Felony of the first degree.--**A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3122.1 (hereinafter, "section 3122.1 (Current)").

Additionally, on December 20, 2011, the Legislature replaced Megan's Law with SORNA, which became effective on December 20, 2012. Under

- 8 -

SORNA, a person convicted of SSA under section 3122.1(a)(1) (Current) does *not* have to register as a sexual offender. However, a person convicted of an offense under section 3122.1(a)(2) (Current) must register as a Tier II offender, and a person convicted of an offense under section 3122.1(b) (Current) must register as a Tier III offender.

Here, the trial court determined that Appellant was a Tier III offender, thus equating his conviction with a violation of section 3122.1(b). On appeal, Appellant contends that, when pleading guilty, he could have only contemplated that his conviction would be comparable to section 3122.1(a)(1) (Current), which has no registration requirement. In support, Appellant stresses that his SSA conviction is graded as a second-degree felony, as is a violation of section 3122.1(a)(1) (Current). In contrast, an offense under section 3122.1(b) (Current) is graded as a felony of the first degree. Appellant also emphasizes that the criminal

> information accused [him] of being four (4) or more years older than the complainant. The only subsection of [section] 3122.1 [(Current)] that mentions the number four (4) is [section] 3122.1(a)(1) [(Current)]; all other subsection[s] reference … different age ranges, none beginning with four (4). For [] Appellant to believe that he was entering a plea of guilt[y] to anything [other] than 18 Pa.C.S.A. § 3122.1(a)(1) [(Current)] would involve an element of surprise that would impair [] Appellant's substantial rights. As such, [] Appellant should have been sentenced in accordance with the consequences that come with being convicted of 18 Pa.C.S.A. § 3122.1(a)(1) [(Current)].

Appellant's Brief at 13.

Appellant's argument is unconvincing, as the record does not support his claim that he was unfairly surprised by the court's designating him as a

Tier III offender. Appellant, who was born in 1971, obviously knew that he was more than 11 years older than the victim, whose year of birth was listed on the criminal information as being 1993. The record also confirms that Appellant knew the victim since she was 2½ years old, and he had acted as a father figure to her from that age until he started sexually abusing her in 2008, when she was 14 years old and he was 36. **See** N.T. Sentencing, 4/14/16, at 42. Moreover, Appellant signed a written plea agreement that stated he would plead guilty to SSA, graded as a felony of the second degree, and directly underneath that information, the plea agreement stated, "***more than 11 yrs older than complainant***[.]" Plea Agreement, 9/17/15, at 1 (emphasis added). Additionally, the plea agreement set forth that Appellant "***must register pursuant to Adam Walsh*** [***Act***,]" *i.e.*, SORNA.[4] ***Id.*** (emphasis added). Thus, prior to Appellant's entering his plea, he was put on notice that his SSA offense under section 3122.1 (Former) would be equated with section 3122.1(b) (Current) for SORNA purposes.

Given this record and Appellant's argument on appeal, he has not demonstrated that the trial court erred by designating him as a Tier III

---

[4] SORNA is sometimes referred to as the "Adam Walsh Act" because "[t]he passage of SORNA brought Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16991…." **Commonwealth v. Giannantonio**, 114 A.3d 429, 432-33 (Pa. Super. 2015).

offender under SORNA, thus subjecting him to a lifetime registration requirement.[5]

_____

[5] We recognize that each tier of SORNA, including Tier III, has a provision stating that an offense can be classified under that tier if it is a "similar offense … **under a former law** of this Commonwealth." 42 Pa.C.S. § 9799.14(d)(3) (emphasis added). Furthermore, this Court has concluded that, to determine if a former law "is an equivalent or similar crime" to a current offense, "such that it qualifies as a 'former law of the Commonwealth' under section 9799.14(d)(3)," we utilize "the analysis set forth by our Supreme Court in **Commonwealth v. Northrip**, 985 A.2d 734, 736 (Pa. 2009)." **Commonwealth v. Sampolski**, 89 A.2d 1287, 1289 (Pa. Super. 2014).

> In **Northrip**, our Supreme Court addressed the issue of whether a New York arson statute constituted an "equivalent crime" as Pennsylvania's comparable arson statute for purposes of application of Pennsylvania's "Three Strikes Law," 42 Pa.C.S.A. § 9714(g). Our Supreme Court held as follows:

>> [T]he court must consider the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability. With respect to the underlying policy of the statutes, we hold that analysis of policy considerations is appropriate, though not controlling.

**Sampolski**, 89 A.3d at 1289 (quoting **Northrip**, 985 A.2d at 740 (citation omitted)).

Based on the argument Appellant presents to this Court, we decline to conduct an analysis of whether Appellant's conviction under section 3122.1 (Former) is a 'similar' offense (under a statutory interpretation analysis) to section 3122.1(b) (Current). Appellant does not even cite, let alone discuss, the **Northrip** test, or **Sampolski's** application of that test in the SORNA context. He also does not explain what it means for a former offense to be 'similar' to an enumerated offense under SORNA. Additionally, Appellant does not argue that a comparison of section 3122.1 (Former) and section 3122.1(b) (Current) involves an analysis of **only** the elements of those offenses, rather than an assessment of the actual facts underlying his conviction, which are clearly 'similar' to the offense set forth in section

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2017

---

*(Footnote Continued)* ————————————

3122.1(b) (Current). Without any such discussion by Appellant, we limit our review to the argument he presents, which is that his conviction is similar, **for notice purposes**, only to section 3122.1(a)(1). Appellant's Brief at 12, 13.