J-S39001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RABIH HAIDAR HAWCHAR, | |
| Appellant | No. 334 WDA 2016 |

Appeal from the Judgment of Sentence Entered February 3, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007016-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 06, 2017**

Appellant, Rabih Haidar Hawchar, appeals from the judgment of sentence of an aggregate term of 20 to 40 years' incarceration, imposed after a jury convicted him of various sexual offenses committed against a minor victim.  On appeal, Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

Briefly, the evidence presented at Appellant's jury trial demonstrated that he sexually assaulted his stepson over the course of several years, beginning when the child was nine and ending just before the child turned thirteen.  During these years, Appellant would abuse the victim three to four

_____

[*] Retired Senior Judge assigned to the Superior Court.

times a week, including raping the child and forcing the child to perform oral sex on him. The child finally admitted the abuse to his mother.

Appellant was arrested and charged with numerous sexual offenses. Following a jury trial from November 13-17, 2015, the jury convicted Appellant of two counts each of rape of a child (18 Pa.C.S. § 3121(c)), involuntary deviate sexual intercourse with a child, (18 Pa.C.S. § 3123(b)), and indecent assault of a child less than 13 years of age (18 Pa.C.S. § 3126(a)(7)). Appellant was also convicted of single counts of unlawful contact with a minor (18 Pa.C.S. § 6318(1)), sexual assault (18 Pa.C.S. § 3124.1), and endangering the welfare of a child (18 Pa.C.S. § 4304(a)(1)).

On February 3, 2016, Appellant was sentenced to consecutive terms of 10 to 20 years' incarceration for his rape convictions, as well as concurrent terms of 10 to 20 years' incarceration for each of the two counts of involuntary deviate sexual intercourse. The court also directed that Appellant adhere to a lifetime registration requirement under the Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41. No further penalty was imposed for Appellant's remaining convictions.

Appellant did not file a post-sentence motion. Instead, on March 2, 2016, he filed a timely notice of appeal.[1] The court ordered Appellant to file

---

[1] Curiously, in July of 2016, while Appellant's appeal was pending, the trial court conducted a sexually violent predator (SVP) hearing, and ultimately determined that Appellant is an SVP. Appellant does not raise any challenge to the court's belated SVP determination herein.

a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and after granting him several extensions of time to file that statement, he timely did so on February 24, 2017. The trial court issued its Rule 1925(a) opinion on March 7, 2017.

On appeal, Appellant presents one issue for our review:

I. Was the sentence imposed manifestly excessive, unreasonable, and an abuse of discretion where the court imposed an aggregate sentence of total confinement of 20 to 40 years and by stating that [the court] needed to protect the children of Lebanon without giving due consideration to the other statutory factors?

Appellant's Brief at 5.

Appellant's issue challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant has not satisfied the second requirement for obtaining review of his discretionary-aspects-of-sentencing claim, as he did not file a post-sentence motion raising this claim, and he also fails to point to where in the record of the sentencing hearing he preserved it for our review. Therefore, his sentencing issue is waived. *See Griffin, supra*; *see also Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.").

Nevertheless, even if Appellant had preserved this issue, we would deem it meritless. Preliminarily, in Appellant's Rule 2119(f) statement, he contends that the trial court fashioned a manifestly excessive sentence by imposing "consecutive terms of maximum sentences…." Appellant's Brief at 13. He also claims the court focused "on the seriousness of the offenses alone, without taking into account evidence of other relevant sentencing criteria[,]" such as his rehabilitative needs. *Id.* We would consider

Appellant's argument as constituting a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (finding that a challenge to the imposition of consecutive sentences as being excessive, together with a claim that the court failed to consider the appellant's rehabilitative needs, constitutes a substantial question for our review).

Nevertheless, we would reject Appellant's arguments on the merits.

It is well settled that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion.

*Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011) (internal citations and quotation marks omitted).

In this case, Appellant contends that the trial court erred by imposing "the maximum allowable terms for each" of his rape convictions, and for imposing those terms to run consecutively. Appellant's Brief at 23. He maintains that in fashioning this sentence, the court focused only on the seriousness of his offenses, and did not consider his "rehabilitative needs and his ability to contribute to society as a productive, law-abiding member." *Id.* at 18. Appellant also stresses that he has "consistently maintained his innocence" throughout the proceedings, a fact which he claims the court improperly ignored. *Id.* at 23. Further, Appellant takes issue with the

court's statement that if it did not impose a lengthy sentence, Appellant "will likely be deported, and [he] will likely remain a danger to the children of Lebanon[,]" his country of citizenship.   N.T. Sentencing, 2/3/16, at 51. Appellant argues that it was improper for the court to rely on "an unknown threat of [his] hurting children in Lebanon" in deciding on a lengthier term of imprisonment.  Appellant's Brief at 18.

We would find Appellant's arguments unconvincing, even had he preserved them for our review.  First, Appellant is incorrect that he received a 'maximum' sentence for his convictions of rape of a child.  **_See_** Appellant's Brief at 23.  In support, Appellant cites 18 Pa.C.S. § 1103(c), which directs that the maximum sentence for a felony of the first-degree is 20 years' incarceration.  However, Appellant ignores the following sentencing provision of section 3121, the statute defining the crime of rape of a child:

> **(e) Sentences.--_Notwithstanding the provisions of section 1103_** (relating to sentence of imprisonment for felony), a person convicted of an offense under:
>
> > (1) Subsection (c) [rape of a child] shall be sentenced to a term of imprisonment which shall be fixed by the court at **_not more than 40 years_**.

18 Pa.C.S. § 3121(e)(1) (emphasis added).  Thus, Appellant faced a maximum sentence of 40 years' incarceration for each of his rape convictions, yet the court imposed a maximum term of only 20 years for those offenses.

Moreover, as the Commonwealth points out, the Sentencing Guidelines applicable to Appellant's case called for a standard range, minimum

sentence of 72 to 240 months (or 6 to 20 years). Again, Appellant received minimum terms of 10 years (or 120 months) for each rape offense, which were well-within the standard guideline range. Additionally, the trial court had the benefit of a presentence report, *see* N.T. Sentencing, 2/3/16, at 3, and, thus, we presume that it properly weighed the mitigating factors in Appellant's case. *See Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006). Moreover, while Appellant repeatedly states that the court failed to consider his rehabilitative needs, he at no point specifies *what* those needs are, nor identifies where in the record of the sentencing hearing he alerted the court to his unspecified, rehabilitative issues.

Additionally, contrary to Appellant's argument, the trial court was required to consider the seriousness of his offenses in fashioning his sentence, and the court did not focus on that factor alone. Instead, the court also considered the protection of the public, noting the danger that Appellant will pose to children in Lebanon, the country to which he will likely be deported upon his release. *See* 42 Pa.C.S. § 9721(b). We see nothing unreasonable about the court's consideration of this fact. Section 9721(b) requires the sentencing court to take into account the protection of *the public*; it does not, by its explicit terms, limit that consideration to citizens of this Commonwealth or nation, and Appellant cites no legal authority to support such a narrow view of the statute. Thus, it was not improper for the court to take into account the safety of children in Lebanon.

Finally, while Appellant argues that the court should have recognized (and favorably weighed) the fact that he has maintained his innocence throughout the proceedings, the Commonwealth argued at the sentencing hearing that this fact instead shows that Appellant "refuses to accept any responsibility for his actions" and that "he continues to … blame everyone around him." N.T. Sentencing at 50. This argument was supported by Appellant's lengthy statement to the court at sentencing, during which he attacked the credibility of the victim and the victim's mother, and blamed them for his arrest and conviction. ***See id.*** at 9-31. Therefore, it was reasonable for the trial court to disregard Appellant's assertions of innocence in fashioning his sentence.

In light of this record, we would not conclude that Appellant's standard range sentence was 'clearly unreasonable' or an abuse of the court's discretion. ***See*** 42 Pa.C.S. § 9781(c)(1) (stating that this Court shall vacate a standard range sentence where "the case involves circumstances where the application of the guidelines would be clearly unreasonable"). The court was permitted to place more weight on the egregiousness of Appellant's offenses and the danger he poses to society, rather than on Appellant's unspecified rehabilitative needs and his assertions of innocence. Therefore, even had Appellant preserved his sentencing challenge for our review, we would deem it meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/6/2017